**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEAD CREATION INC., <br>                 Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,", <br>                 Defendants. | Case No.: 1:22-cv-10377 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

                                              **MAH ADVISING LLC**
                                              **Michael A. Hurckes, Esq.**
                                              One World Trade Center
                                              Suite 8500
                                              New York, NY 10007
                                              Tel.: (917) 791-0639
                                              *Attorneys for Plaintiff*

| | |
|---|---|
| **TABLE OF AUTHORITIES** | 2 |
| **I.    INTRODUCTION** | 4 |
| **II.   FACTS** | 4 |
|     A.  Parties | 4 |
|     B.  Defendant's Patent Infringement | 5 |
| **III.  A TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST DEFENDANT** | 6 |
|     A.  This Court Has the Authority to Grant the Requested Relief | 6 |
|     B.  Plaintiff Meets the Standard for Granting a Patent Owner's Request for a Temporary Restraining Order and Preliminary Injunction | 7 |
|     D.  There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief. | 10 |
|     E.  The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction. | 11 |
| **IV.   THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE** | 13 |
|     A.  A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the Patent-in-suit Is Appropriate | 13 |
|     B.  Preventing the Fraudulent Transfer of Assets Is Appropriate | 13 |
|     C.  Plaintiff Is Entitled to Expedited Discovery | 14 |
| **V.    CONCLUSION** | 15 |

# TABLE OF AUTHORITIES

*Cases*

*Anderson Co. v. Welworth Automotive Corp. (E.D.N.Y. 1931) 46 F.2d 696, 698.*      12

*Apple Inc. v. Samsung Elecs. Co. ("Apple III"), 735 F.3d 1352, 1359-60 (Fed. Cir. 2013) LEXIS 209560, at \*2.*      11

*Broadcom Corp. v. Emulex Corp. (Fed.Cir. 2013) 732 F.3d 1325, 1338*      12

*Grp. One, Ltd. v. GTE GmbH & Ralph Wiegel (E.D.N.Y. Aug. 23, 2021, No. 20-CV-2205 (MKB)) 2021 U.S.Dist.LEXIS 257678, at \*5.)*      9

*Grp. One, Ltd. v. GTE GmbH & Ralph Wiegel (E.D.N.Y. Aug. 23, 2021, No. 20-CV-2205 (MKB)) 2021 U.S.Dist.LEXIS 257678, at \*7-8.)*      13

*Hilton Davis Chemical Co. v. Warner-Jenkinson Co., Inc., 62 F.3d 1512, 1518 (Fed. Cir. 1995)*      10

*Hybritech Inc. v. Abbott Labs., 849 F.2d 1446, 1458 (Fed. Cir. 1988)*      13

*Jeneric/Pentron, Inc. v. Dillon Co. (D.Conn. 2003) 259 F.Supp.2d 192, 194*      9, 11

*Markman v. Westview Instruments, Inc., 52 F.3d 967, 976, 979(Fed. Cir. 1995)*      10

*Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)*      15

*Pall Corp. v. Micron Separations, Inc., 66 F.3d 1211, 1218 (Fed. Cir. 1995)*      10

*PPG Indus., Inc. v. Guardian Indus. Corp., 75 F.3d 1558, 1567 (Fed Cir. 1996)*      13

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 702 F.3d 1351, 1362 (Fed. Cir. 2012)*      11

*Read Corp. v. Viper Int'l (Fed.Cir. Feb. 23, 1996, No. 95-1318) 1996 U.S. App. LEXIS 3847, at \*3-5.)*      10, 13

*Read v. Portec, 970 F.2d 816, 821-22 (Fed. Cir. 1992)*      10

*Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1247 (Fed. Cir. 1989)*      8

*Richardson, 868 F.2d at 1246-47*      9

*Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1581 (Fed. Cir. 1983)*      11

*Vance v. Rumsfeld, No. 1:06-cv-06964, 2007 WL 4557812, at \*6 (N.D. Ill. Dec. 21, 2007)*      15

*W.L. Gore & Associates, Inc. v. Garlock, Inc.*      9

*Wilson Sporting Goods Co. v. David Geoffrey & Assoc., 904 F.2d 677, 683 (Fed. Cir. 1990)*      10

**Statutes**

28 U.S.C. § 1331      8
28 U.S.C. §§ 1338(a)-(b)      8
35 U.S.C. § 1      8
35 U.S.C. § 154(a)(1)      11
35 U.S.C. § 271(a)      9
35 U.S.C. § 283      8, 14
35 U.S.C. § 289      15
Fed. R. Civ. P. 26(b)(2)      15
Fed. R. Civ. P. 65(b)      8
U.S. Const. art. I, § 8, cl. 8      11

## I. INTRODUCTION

Plaintiff Lead Creation Inc. is a corporation duly organized and existing under the laws of the State of Delaware. Plaintiff's principal place of business is located in the State of New York. Plaintiff is the owner of the Patent in Suit. Plaintiff submits this Memorandum in support of its Ex Parte Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, and expedited discovery (the "Ex Parte Motion")

## II. FACTS
### A. Parties

Plaintiff Lead Creation Inc. is a corporation duly organized and existing under the laws of the State of Delaware. Plaintiff's principal place of business is located in the state of New York.

Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified in **Schedule-A** and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under various Seller Aliases. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

4

B. **Defendant's Patent Infringement**

Plaintiff is a corporation specializing in the creation and sale of consumer products. Plaintiff is the owner of United States Patent No. 7530706 (the Patent-in-suit) arising under the patent laws of the United States, Title 35, United States Code, Sections 100 et seq. This action relates to an invention whereby when distance between the LED and the convex lens is changed, beam angle is concurrently changed so that the brightness for long distance is increased and illumination scope for short distance is increased without using a reflective cone. This is achieved by using a collar coaxially coupled to the main body; a convex lens coupled to the collar and optically coupled to the light-emitting diode in coaxially displaceable manner relative thereto, the convex lens defining a predetermined focal length, said convex lens being selectively displaceable between various ranges. A true and correct copy of the patent-in-suit is attached as **Exhibit-1**. Defendants directly target business activities toward consumers in the United States, including New York, through at least the fully interactive, e-commerce stores operating under the seller aliases identified in **Schedule-A** attached hereto (the "Seller Aliases")

Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling infringing Products to consumers in this Judicial District and throughout the United States. Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the ecommerce stores operating under the Seller Aliases and the Infringing Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among Defendants.

Defendants have directly infringed and continue to directly infringe the patent-in-suit by making, using, selling, and offering for sale in the United States, and/or importing into the United States lighting apparatus namely flashlights the convex lens which when changed, the beam angle is concurrently changed so that the brightness for long distance is increased and

5

illumination scope for short distance is increased without using a reflective cone, identified by the designations as shown in **Exhibit-2**. (hereinafter "Accused Products").

Defendants are utilizing Plaintiff's invention claims in Patent-in-suit to engage in the sale of Accused Products despite having no permission to do so. By providing unauthorized access and engaging in sales of the invention claims embodying Accused Products, Defendants are engaging in patent infringement. The natural and probable foreseeable result of Defendant's wrongful conduct has been to deprive Plaintiff of the benefits of selling products embodying the Patent-in-suit and licensing others to sell products embodying the Patent, and to injure Plaintiff's relationship with present and prospective customers.

Images taken from Defendants' SKNSL Amazon market page shows the flashlight directly infringing on Patent-in-suit. The following claim charts will the details of limitation matching to show infringement. Expert Opinion of Ms. Brenitra Mosley, MBA., senior consulting engineer, registered patent practitioner, electrical engineer and cybersecurity engineer is attached hereto as **Exhibit-3**.

Defendants' deliberate infringement of Plaintiff's Patent have greatly and irreparably damaged Plaintiff, and Defendant will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law.

### III. A TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST DEFENDANT

**A. This Court Has the Authority to Grant the Requested Relief**

This Court has personal jurisdiction over the Defendants because the Defendants directly target their business activities towards consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial,

interactive ecommerce stores through which New York residents can purchase Defendants' products infringing on Plaintiff's Patent.

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's patent rights. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an ex parte TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate because it would immediately stop the Defendants from benefiting from their wrongful use of the Patent-in-suit and preserve the status quo until a hearing can be held.

In the absence of a TRO without notice, the Defendants can and likely will register new ecommerce stores under new aliases, and move any assets to off-shore bank accounts outside the jurisdiction of this Court. As such, Plaintiff respectfully requests that this Court issue the requested ex parte TRO. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

**B. Plaintiff Meets the Standard for Granting a Patent Owner's Request for a Temporary Restraining Order and Preliminary Injunction**

Here, Plaintiff has shown that Defendants have infringed on Plaintiff's Patent to conduct sales of their Accused Products via ecommerce stores.

"Under 35 U.S.C. § 283, "The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." Id. As noted by the Federal Circuit, "it is the general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for denying it." Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1247 (Fed. Cir. 1989). Indeed, "although the district court's grant or denial of an injunction is discretionary depending on the facts of the case, injunctive relief against an

adjudged infringer is usually granted." W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 1281 (Fed. Cir. 1988) (internal citations omitted); see also Richardson, 868 F.2d at 1246-47 ("Infringement having been established, it is contrary to the laws of property, of which the patent law partakes, to deny the patentee's right to exclude others from use of his property."). *(Jeneric/Pentron, Inc. v. Dillon Co. (D.Conn. 2003) 259 F.Supp.2d 192, 194.)*

"Plaintiff must establish a likelihood of success on the merits of its direct, induced, and contributory patent infringement claims. To state a claim for direct patent infringement, a plaintiff must make "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that [the] defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *(Grp. One, Ltd. v. GTE GmbH & Ralph Wiegel (E.D.N.Y. Aug. 23, 2021, No. 20-CV-2205 (MKB)) 2021 U.S.Dist.LEXIS 257678, at \*5.)*

### C. Plaintiff Will Likely Succeed on the Merits.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). In this case, Plaintiff is the lawful assignee of all right, title and interest in and to the Patent-in-suit. Plaintiff has submitted extensive documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringes directly and/or indirectly the claims in the Patent-in-suit. Finally, Plaintiff has not licensed or authorized Defendants to use the Patent-in-suit. Accordingly, Plaintiff is likely to establish a prima facie case of design patent infringement.

"In proving a reasonable likelihood of success on the merits, the movant must establish both validity of the patent and infringement. Hybritech at 1451. The party attacking the patent's validity has the burden of proving invalidity at trial, and the evidence must be viewed in this light. H.H. Robertson, 820 F.2d at 387. Determining infringement involves a two-step process where first the claim language is interpreted as a matter of law, and second, the accused device is compared to the interpreted claim to determine infringement as a question of fact. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976, 979(Fed. Cir. 1995); Read v. Portec, 970 F.2d 816, 821-22 (Fed. Cir. 1992) (hereinafter Portec II). There is literal infringement where the accused device contains all of the limitations specified in a patent claim. Portec II, 970 F.2d at 821. However, "when literal infringement is not established, infringement may be proved under the doctrine of equivalents when there is not a substantial difference between the claimed invention and the accused product." Pall Corp. v. Micron Separations, Inc., 66 F.3d 1211, 1218 (Fed. Cir. 1995). Under the doctrine of equivalents, infringement may be found where an accused product "performs substantially the same overall function or work, in substantially the same way, to obtain substantially the same overall result as the claimed invention." Wilson Sporting Goods Co. v. David Geoffrey & Assoc., 904 F.2d 677, 683 (Fed. Cir. 1990), cert. denied, 498 U.S. 992, 112 L. Ed. 2d 547, 111 S. Ct. 537 (1990) (internal quotations omitted); see also, Hilton Davis Chemical Co. v. Warner-Jenkinson Co., Inc., 62 F.3d 1512, 1518 (Fed. Cir. 1995) (the function-way-result test is one means of finding equivalency, although other evidence may also be relevant to show the substantiality of the differences). Therefore, infringement is a question of fact that requires each claim limitation be met either literally or by a substantial equivalent." *(Read Corp. v. Viper Int'l (Fed.Cir. Feb. 23, 1996, No. 95-1318) 1996 U.S. App. LEXIS 3847, at \*3-5.)*

**D. There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief.**

Here, Plaintiff is likely to suffer three primary forms of irreparable harm: (a) loss of control over its intellectual property rights; (b) loss of consumer goodwill; and (c) interference with Plaintiff's ability to exploit the Patent-in-suit. Each of these harms, independently, constitutes irreparable harm and offers a basis on which preliminary relief should issue. Defendants' infringement erodes and devalues Plaintiff's rights in the Patent-in-suit, thereby risking injury to Plaintiff's goodwill and reputation and interfering with Plaintiff's ability to exploit the Patent-in-suit.

"The Federal Circuit has held that "in matters involving patent rights, irreparable harm has been presumed when a clear showing has been made of patent validity and infringement." Richardson, 868 F.2d at 1247 (citing Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1581 (Fed. Cir. 1983))" *(Jeneric/Pentron, Inc. v. Dillon Co. (D.Conn. 2003) 259 F.Supp.2d 192, 194.)*

*"*[T]o satisfy the irreparable harm factor in a patent infringement suit, a patentee must establish . . . 1) that absent an injunction, it will suffer irreparable harm, and 2) that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Apple Inc. v. Samsung Elecs. Co. ("Apple III"), 735 F.3d 1352, 1359-60 (Fed. Cir. 2013) LEXIS 209560, at \*2.*

"The courts have a long history of remedying trespass on property rights—including patent rights—by removing the trespasser. See, e.g., Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 702 F.3d 1351, 1362 (Fed. Cir. 2012). This history of removal stems from a constitutional and statutory grant to exclude others from one's property. U.S. Const. art. I, § 8, cl. 8 ("by securing for limited times to . . . inventors the exclusive right to their respective . . . discoveries") (emphasis added); 35 U.S.C. § 154(a)(1) ("Every patent shall contain . . . a grant

10

to the patentee . . . of the right to exclude others from making, using, offering for sale, or selling the invention . . . .") *(Broadcom Corp. v. Emulex Corp. (Fed.Cir. 2013) 732 F.3d 1325, 1338.)*

"That construction is novel to the plaintiff's device, and has been copied by the defendant with precision. It is not believed that a court of equity is impotent to protect the plaintiff in its priority of use of so ingenious and distinctive an element of its structure, even though it be deprecated by defendant as "functional." *(Anderson Co. v. Welworth Automotive Corp. (E.D.N.Y. 1931) 46 F.2d 696, 698.)*

A causal nexus exists between Defendants' infringement and each of the irreparable harms that Plaintiff is suffering. Here, Defendants' infringing use of the Patent-in-suit in the Accused Products is a substantial, if not the exclusive, reason for consumer demand of the Accused Products. Finally, because Defendants are individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgement is likely uncollectable. For the reasons stated above, Plaintiff will suffer immediate and irreparable injury, loss, or damage if an ex parte Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

> **E. The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction.**

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. As willful infringers, Defendants are entitled to little equitable consideration. This is because any harm to Defendants that could possibly result from a temporary restraining order is self-inflicted. Defendants took a calculated risk when they

engaged in design patent infringement. Under such circumstances, courts refuse to assign any "harm" to the defendant because it assumed the risk.

As Plaintiff has demonstrated, Defendants have been profiting from the sale of Accused Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or permission to Defendants with respect to the Patent-in-suit. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

"[T]he evidence that [the defendant] is the only non licensed competitor in the market suggests that this patent will have significantly less value if [the plaintiff] cannot use it to exclude an infringing product from the market."); Read Corp. v. Viper Int'l, No. 95-1318, 1996 U.S. App. LEXIS 3847, at *9 (Fed. Cir. Feb. 23, 1996) (affirming grant of preliminary injunction where "the balance of hardships favor[ed the plaintiff]" because "granting the injunction merely require[d the defendant] to pay the consequences of its calculated risk that it might infringe [the plaintiff's] patents"). Similarly, the public interest supports the grant of a TRO, as there is a "strong public policy favoring the enforcement of patent rights," PPG Indus., Inc. v. Guardian Indus. Corp., 75 F.3d 1558, 1567 (Fed Cir. 1996); Hybritech Inc. v. Abbott Labs., 849 F.2d 1446, 1458 (Fed. Cir. 1988), and little evidence a TRO would harm the market, Trebro, 748 F.3d at 1172 (vacating denial of preliminary injunction where, "there is scant evidence . . . showing that an injunction would harm the public" because "[t]he patent . . . covers a small market that may not have a broad-reaching effect"). *(Grp. One, Ltd. v. GTE GmbH & Ralph Wiegel (E.D.N.Y. Aug. 23, 2021, No. 20-CV-2205 (MKB)) 2021 U.S.Dist.LEXIS 257678, at \*7-8.)*

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283

### A. A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the Patent-in-suit Is Appropriate

Plaintiff requests a temporary injunction requiring the Defendants to immediately cease making, using, offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or imitation of the claims in Patent-in-suit. Such relief is necessary to stop the ongoing harm to Plaintiff's control over its rights in the Patent-in-suit, its reputation, and associated goodwill, as well as harm to consumers, and to prevent the Defendants from continuing to benefit from their unauthorized use of the Patent-in-suit. The need for ex parte relief is magnified in today's global economy where infringers can operate anonymously over the Internet. Plaintiff is currently unaware of both the true identities and locations of the Defendants, as well as other e-commerce stores used to distribute Infringing Products.

### B. Preventing the Fraudulent Transfer of Assets Is Appropriate

Plaintiff requests an ex parte restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of Accused Products is not impaired. Issuing an ex parte restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in off-shore accounts, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless. In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of its design patent infringement claim, so according to 35 U.S.C. § 289, Plaintiff is

entitled to recover "the extent of [Defendants'] total profit." Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve relief sought by Plaintiff. Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to off-shore bank accounts. Accordingly, an asset restraint is proper.

### C. Plaintiff Is Entitled to Expedited Discovery

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007). (Quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978))*. Courts have wide latitude in determining whether to grant a party's request for discovery. Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. See Fed. R. Civ. P. 26(b)(2). Plaintiff respectfully requests expedited discovery to discover bank and payment system accounts Defendants use for their sales operations. The expedited discovery requested in Plaintiff's Proposed TRO is limited to include only what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained. Plaintiff's seizure and asset restraint may have little meaningful effect without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

### V. CONCLUSION

Defendants' operations are irreparably harming Plaintiff's business, its well-known brand, and consumers. Without entry of the requested relief, Defendants'

infringement of the Plaintiff's Patent in connection with the making, using, offering to sell, selling, or importing of the Infringing/ Accused Products will continue to irreparably harm Plaintiff. Therefore, entry of an ex parte order is necessary. In view of the foregoing, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order in the form submitted herewith.

Dated: December 8th, 2022
New York, New York

MAH ADVISING LLC

By: /s/ Michael A. Hurckes
Michael A. Hurckes, Esq.
One World Trade Center
Suite 8500
New York, NY 10007
Tel.      917-791-0636
Fax:      929-374-1016
Email: mh@mahadvising.com
Bar #: 5910898

*Attorneys For Plaintiff*