UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEAD CREATION INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,", <br><br> Defendants. | Case No.: 1:22-cv-10377 |

**TEMPORARY RESTRAINING ORDER**

Plaintiff Lead Creation Inc., filed an Ex Parte Motion for Entry of a Temporary Restraining Order and other relief against the fully interactive, e-commerce stores operating under the seller aliases identified on Schedule A to the Complaint and attached hereto (the "Seller Aliases"). ~~and this Court having heard the evidence before it, hereby GRANTS Plaintiff's motions.~~ After reviewing the Motions and the accompanying record, the Court GRANTS Plaintiff's Motion in part as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over the Defendants, because the Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and operating ecommerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in

U.S. dollars and have sold the same product that infringes directly and/or indirectly Plaintiff's United States Patent (the "Patent-in-suit") to residents of New York.

~~This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Ms. Brenitra Mosley, MBA., senior consulting engineer, registered patent practitioner, electrical engineer and cybersecurity engineer and , in support of the Motion for Temporary Restraining Order and accompanying evidence showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an ex parte Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.~~ Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or imitation of the claims in the Patent-in-suit.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers") shall, within ten (10) business days

after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents in such person's or entity's possession or control sufficient to determine:

   a) the identities and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

   b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c) any financial accounts owned or controlled by Defendants, including their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of this Order, including Third Party Providers as defined in Paragraph 2, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Plaintiff Design.

4. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

5. Any Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order: a. locate all accounts and funds connected to Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule-A hereto, the e-mail addresses identified in Schedule-A and any email addresses provided for Defendants by third parties; and restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

   a) the identities and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated email addresses;

   b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c) any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, or other

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

7. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit-2 and any email addresses provided for Defendants by third parties that includes a link to said website. ~~The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants.~~ The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court one thousand dollars (~~$1,000~~ $15,000), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

9. Any Defendant or other person that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Southern District of New York Local Rules.

10. This Temporary Restraining Order ~~without notice~~ is entered at ~~10:00 A.M.~~ 4:30 P.M. on this 26 day of ~~December 2022~~ January, 2023 and shall remain in effect for fourteen (14) days.

SO ORDERED.

*[signature]*

January 26, 2023

Per Rule 65, this Order shall expire in fourteen days. If Defendants do not appear by February 8, 2023, at 5 p.m., however, the Court will extend the TRO for an additional fourteen days on the ground that there is good cause to do so in Defendants' absence. If any Defendant appears, the Court will promptly convene a conference to discuss whether to enter a preliminary injunction or briefing on the issue. Finally, Plaintiff shall serve a copy of this Order on Defendants (in the manner previously authorized) no later than January 27, 2023, and shall file proof of such service by January 30, 2023.