UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK

| | |
|---|---|
| LEAD CREATION INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:22-cv-10377<br><br>**Memorandum Of Law In Support Of Defendants' Motion To Recover Against The Bond**<br><br>Judge Jesse Furman |

Defendants Shenzhen Sen Zhi Run Dian Zi Shang Wu Co., Ltd. and Haikoushi Lvxuan Trading Co., Ltd. ("Defendants") hereby move the Court to recover the full amount of the Temporary Restraining Order ("TRO") bond given on behalf of plaintiff Lead Creation Inc. ("Plaintiff").

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendants are small businesses based in China. They sell flashlights ("Flashlights") on the Amazon.com platform as third-party sellers. (Defs' Decl. ¶¶4–5)

On December 8, 2022, Plaintiff sued Defendants alleging that the Flashlights are infringing a U.S. patent ("Patent-in-suit"). The Patent-in-suit was assigned to Plaintiff only a few months ago, and such assignment was approved by the USPTO on December 7, 2022, one day before this action was initiated. Plaintiff's counsel Michael A Hurckes, Esq. is also a Director of Plaintiff. (Defs' Att'y Decl. ¶¶8–9)

On January 26, 2023, Plaintiff sought–and obtained from the Court–a TRO that enjoined and retrained Defendants from offering for sale and selling the Flashlights, as well as from

1

transferring any money in any of Defendants' financial accounts held with Amazon.com ("Financial Accounts"). In the TRO, the Court noted that the TRO was granted "in the absence of adversarial presentation." (Defs' Att'y Decl. ¶3)

As part of the TRO, the Court ordered Plaintiff to post a security either in cash or in surety bond. On January 30, 2023, Plaintiff posted a TRO surety bond in the sum of $15,000. (Defs' Att'y Decl. ¶4)

On February 8, 2023, Defendants' Flashlight listings and product links on Amazon.com ceased working, and their Financial Accounts were frozen on the same date. As a result, Defendants have been unable to sell a single Flashlight since February 8, 2023 via Amazon.com, nor have they been able to withdraw money from the Financial Accounts, which carried a combined balance of around $30,000 as of February 8, 2023. (Defs' Decl. ¶¶7–8)

On February 23, 2023, the Court issued a Preliminary Injunction, further enjoining and restraining Defendants' sales of Flashlights as well as their withdrawal or transfer of money from their Financial Accounts. (Defs' Att'y Decl. ¶5)

On February 24, 2023, Defendants retained their U.S. counsel, who entered their appearance that same day. (Defs' Decl. ¶9)

On March 2, 2023, Defendants, through counsel, submitted a motion to dissolve the TRO and the Preliminary Injunction ("Motion to Vacate") and a motion to dismiss the complaint based on 1) the invalidity of the Patent-in-suit for obviousness; 2) the invalidation of the foreign counterparts of the Patent-in-suit by patent offices and courts (up to the highest level) in four major industrialized countries: Germany, Japan, China and Taiwan; 3) failure of Plaintiff to

establish irreparable harm as Plaintiff neither manufactures nor sells flashlights using the technology embodied in the Patent-in-suit; 4) Plaintiff's lack of candor and good faith in dealing with, and even fraud on, the USPTO in omission of foreign patent prosecution history in USPTO filings and failure to disclose intentional nonpayment to the USPTO of the required maintenance fee by the original patentees, the truthful disclosure of which would have nullified Plaintiff's request to revive this patent. (ECF No. 113)

The Court had originally scheduled a hearing for order to show cause for default judgment on March 2, 2023, but re-purposed that hearing for a teleconference in light of Defendants' Motion to Vacate. During the teleconference, Plaintiff's counsel Mr. Hurckes stated on the record that he was unaware of the foreign counterparts of the Patent-in-suit and their invalidations by foreign patent offices and courts before commencing this action. At the end of the teleconference, the Court set an expedited briefing schedule for the Motion to Vacate considering the compelling evidence presented in the Motion to Vacate, and issued an order accordingly the next day ("March 3 Order"), providing that if Plaintiff fails to oppose the Motion to Vacate by the deadline of March 6, 2023, "the TRO and preliminary injunction will be vacated without further notice." (Defs' Att'y Decl. ¶6)

The same day the Court's March 3 Order was issued, Plaintiff's counsel Mr. Hurckes informed Defendants' counsel that his firm, MAH Advising LLC, would be withdrawing as Plaintiff's counsel here because "facts were misrepresented" to him by Plaintiff, for which Mr. Hurckes serves as a Director, upon his firm's taking of this case. (Defs' Att'y Decl. ¶11)

Plaintiff filed no papers in response to the Motion to Vacate by the March 6, 2023 deadline. Under the March 3 Order, the automatic consequence is that TRO and the Preliminary Injunction have been vacated.

## LEGAL ARGUMENTS

### I.   Defendants Are Entitled To Recover Against The Bond Because They Have Been Wrongfully Enjoined.

Rule 65(c) requires that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

For purposes of Rule 65(c), a party has been "wrongfully" enjoined or restrained "when it turns out that that party had a right all along to do what it was enjoined from doing." *NCAA v. Governor of N.J.*, 939 F.3d 597, 603 (3d Cir. 2019); *see Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1059 (8th Cir. 2006); *Guzman v. Local 32B-32J, Serv. Emps. Int'l Union*, 72 F.3d 260, 263 (2d Cir. 1995).

Here, Defendants have been wrongfully enjoined and restrained because, as detailed in Defendants' Motion to Vacate, the Patent-in-suit is invalid for obviousness under 35 U.S.C. § 103, and for Plaintiff's lack of candor and good faith in its dealing with the USPTO, i.e., failure to disclose prior foreign patent prosecution history and misrepresentation of the intentionality of the nonpayment of the maintenance fee for the Patent-in-suit. Defendants have been selling Flashlights on Amazon.com for years and they have the right to do so. Yet their such legitimate right was taken away from them by this TRO sought by Plaintiff. Once the full picture was presented to the Court by the Motion to Vacate and the significant omission of facts in Plaintiff's

Verified First Amended Complaint was revealed, it became apparent that the Flashlights were not infringing the Patent-in-suit and that Defendants had the right all along to sell Flashlights on Amazon.com and elsewhere.

> "A patent holder seeking a preliminary injunction bears the ultimate burden of establishing a likelihood of success on the merits with respect to the patent's validity. **If the alleged infringer raises a substantial question of invalidity, the preliminary injunction should not issue. The burden on the accused infringer to show a substantial question of invalidity at this stage is lower than what is required to prove invalidity at trial.** Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial. Once the accused infringer satisfies this requirement, the burden shifts to the patentee to show that the defense lacks substantial merit. *Altana Pharm. AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005–06 (Fed. Cir. 2009) (citations and internal quotation marks omitted) (emphasis added) (affirming the denial of a motion for preliminary injunction).

Here, the overwhelming evidence presented in the Motion to Vacate has confirmed the invalidity of the Patent-in-suit. The Preliminary Injunction would not have been issued had this evidence been presented to the Court at the time that TRO was requested back in January. Plaintiff's failure to file opposition to the Motion to Vacate serves as Plaintiff's self-admission by its own act that the Patent-in-suit is indefensible, and the TRO and Preliminary Injunction should not have been sought to begin with.

Thus, Defendants have been wrongfully enjoined and restrained by the TRO issued on January 26, 2023, and are entitled to recover against the surety bond for costs and damages sustained by Defendants under Fed. R. Civ. P. 65(c).

## II. Defendants Should Be Allowed To Recover The Full Amount of The Bond To Deter "Rash" or "Flimsy" Applications For Injunctive Relief.

The U.S. Court of Appeals for the Second Circuit has held:

"Fed. R. Civ. P. 65(c)'s bond requirement serves a number of functions. It assures the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff. In addition, the bond provides the

plaintiff with notice of the maximum extent of its potential liability. The applicant for the injunction consents to liability up to the amount of the bond, as the price for the injunction." *Nokia Corp. v. Interdigital, Inc.*, 645 F.3d 553, 555 (2d Cir. 2011)

If it is shown that the movant obtained "a preliminary injunction in bad faith, that party 'flunks [the good reason test and] the presumption in favor of enforcement [of the bond] congeals virtually into a rock.'" *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1037 (9th Cir. 1994) (quoting *Nat'l Kidney Patients Ass'n v. Sullivan*, 958 F.2d 1127, 1135 (D.C. Cir. 1992)).

While Plaintiff's counsel claims ignorance of the troubling prosecution history of the Patent-in-suit's foreign counterparts because "facts were misrepresented" to him by Plaintiff, those claims are hard to be reconciled with the fact that Plaintiff's counsel has also been a Director of Plaintiff all along and even verified the accuracy and truthfulness of the First Amended Complaint. But the very acknowledgement by its counsel of facts being misrepresented by Plaintiff gives added confirmation to the overwhelming evidence of Plaintiff's bad faith here. All facts point to one conclusion: Plaintiff acquired the Patent-in-suit only to file this lawsuit and holding it over the heads of Defendants to induce them to pay Plaintiff to go away; Plaintiff has no manufacturing capability or sales channels to protect, yet the TRO and Preliminary Injunction that Plaintiff has sought and obtained has caused Defendants to suffer from lost sales and profits, additional legal fees and costs, and worsened relationship with their suppliers and damaged standing in their dealings with Amazon.com. Defendants should be allowed to recover the full amount of the bond to deter Plaintiff's frivolous applications for injunctive relief.

### III. Defendants Are Also Entitled To Recover The Full Amount Of The Bond Because The Damages Proximately Caused By The Injunction Exceed $15,000.

The wrongfully enjoined party may recover damages for injuries proximately caused by the injunction. *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK), 2012 U.S. Dist. LEXIS 46521, at *1 (S.D.N.Y. Apr. 2, 2012).

Despite the court's general discretion, most courts hold that "[o]nce the party seeking recovery adequately establishes its damages, it is entitled to a presumption in favor of recovery." *U.S.D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 137 (2d Cir. 2014) (presumption applies to "provable" damages); *see NCAA*, 939 F.3d at 606

The court's discretion is therefore limited: "Under this presumption, a district court must have a good reason to depart from the preference for recovery of security granted under Rule 65(c)." *Coyne-Delany Co. v. Capital Dev. Bd.*, 717 F.2d 385, 391–92 (7th Cir. 1983); *see Glob. NAPs, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 23 (1st Cir. 2007).

Here, Defendants have provided evidence (Defs' Decl.), which Defendants have requested by separate motion to be filed under seal given the confidential nature of Defendants' sales data contained in said Declaration of Yingbin Li, to prove that their damages based on average monthly sales volume and profit margin on sales, in the period before the issuance of the TRO stopped all of their sales, account for at least that $15,000 amount, and that this does not even include the costs imposed on Defendants by the TRO's significant disruption to Defendants' normal business operations, as Defendants couldn't use the funds in the Financial Accounts to pay suppliers or to pay wages. Defendants' ratings as third-party sellers on Amazon.com are also hurt as a result of the zero inventory turnover in the past month, and such ratings will affect Defendants' priority in obtaining services from Amazon.com and the fees

charged by Amazon.com to Defendants as third-party sellers. All of this devastating impact of the injunctive relief on Defendants' businesses more than accounts for the $15,000 provided by the bond.

## CONCLUSION

The troubling prosecution history and legal proceedings of the foreign counterparts of the Patent-in-suit in four major industrialized countries not only show the obviousness of the alleged invention embodied in the Patent-in-suit but also show the degree of Plaintiff's bad faith in bringing this action and in seeking injunctive relief. If the technology were as revolutionary as Plaintiff claims in the Complaint, why were the original patentees–the Ouyangs, who had fought suits around the world over their claimed technology and lost them all–willing to hand over the Patent-in-suit for $20,000? And Plaintiff's counsel admitted on the record that he was unaware of these facts around the foreign counterparts of the Patent-in-suit before commencing this action and claimed that "facts were misrepresented" to him by Plaintiff, even though he is a Director of Plaintiff. Plaintiff's filing of this lawsuit, by and through Plaintiff's counsel, and seeking of the TRO and Preliminary injunction, is reckless and patently abusive use of the judicial process. Defendants suffered real, provable damages in terms of lost profits and deteriorating business relationships and reputation, American consumers lost access to a useful product, and the Court's precious judicial resources were wasted and misused. The only party who stands to gain from this action is Plaintiff who attempted to use the TRO and Preliminary Injunction to take Defendants' selling privileges as hostage and demand payment of ransom money. The Court should allow Defendants to recover the full amount of the bond to deter Plaintiff from further frivolous applications for injunctive relief and others from following their very wantonly

destructive example even as it also provides Defendants a partial measure of financial relief from the losses they have incurred due to the TRO.

Dated: New York, NY
      March 7, 2023

Respectfully submitted,

/s/ *Beixiao Liu*

Beixiao Robert Liu (Bar #: 5697552)

Balance Law Firm

1 World Trade Ctr Ste 8500
New York, NY 10007

(212) 741-8080

(646) 558-4889 fax

robert.liu@balancelawfirm.com

Attorneys for Defendants Shenzhen Sen Zhi Run Dian Zi Shang Wu Co., Ltd. and Haikoushi Lvxuan Trading Co., Ltd.