```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
LEAD CREATION INC.,                                                    :
                                                                       :
                              Plaintiff,                               :
                                                                       :          22-CV-10377 (JMF)
                -v-                                                    :
                                                                       :          MEMORANDUM OPINION
HANGZHOU YUEJI E-COMMERCE CO., LTD., et al.,                           :          AND ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On December 8, 2022, Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO"), alleging that Defendants were infringing on its patent for a flashlight. ECF No. 2. The Court granted the TRO on January 26, 2023, ECF No. 91, and extended it on February 9, 2023, ECF No. 98. Plaintiff then moved for a preliminary injunction ("PI"), ECF No. 105, which the Court granted on February 23, 2023, ECF No. 106. Shortly thereafter, on March 2, 2023, two Defendants, Shenzhen Sen Zhi Run Dian Zi Shang Wu Co., Ltd., and Haikoushi Lvzuan Trading Co., Ltd. moved to vacate the TRO and the PI and to dismiss the complaint. ECF No. 113 ("Defs.' Mem."). The Court granted Plaintiff until March 6, 2023, to file opposition to the motion to vacate, warning that if Plaintiff failed to file any opposition by that deadline the TRO and PI would "be vacated without further notice." ECF No. 114. Plaintiff filed opposition at 12:40 a.m. on March 7, 2023. *See* ECF No. 118 ("Pl.'s Opp'n").[1] Thirteen minutes before, the two moving Defendants had filed a motion to recover against the bond that Plaintiff was required

---

[1] Although Plaintiff's opposition was technically untimely, the Court has nevertheless considered it.

to post in connection with the temporary restraining order based on the damages they allegedly suffered as a result of the TRO and PI.  ECF Nos. 115, 116.

To succeed on their motion to vacate the TRO and the PI, Defendants bear the burden of presenting new evidence that shows a change in circumstances from when the injunction was issued.  *See, e.g.*, *JLM Couture, Inc. v. Gutman*, No. 20-CV-10575 (LTS), 2021 WL 2227205, at *2-3 (S.D.N.Y. June 2, 2021) (citing *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1207 (2d Cir. 1970), and *Am. Optical Co. v. Rayex Corp.*, 394 F.2d 155, 155 (2d Cir. 2968) (per curiam)).  More specifically, "modification or dissolution of an injunction is warranted where the changed circumstances demonstrate that continuance of the injunction is no longer justified and/or will work oppressively against the enjoined parties."  *Baliga v. Link Motion Inc.*, No. 18-CV-11642 (VM), 2022 WL 2531535, at *15 (S.D.N.Y. Mar. 9, 2022), *adopted*, 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022) (internal quotation marks omitted); *see also Ideavillage Prod. Corp. v. Bling Boutique Store*, No. 16-CV-9039 (KMW), 2017 WL 1435748, at *3 (S.D.N.Y. Apr. 21, 2017) (noting that the party seeking to vacate or amend a preliminary injunction must identify a "significant change in facts or law" or significant "factual matters, that had the Court considered, might have reasonably altered the result before the Court" (cleaned up)).

In light of these standards, Defendants' motion must be and is GRANTED, and both the TRO and PI are immediately VACATED — not only as to the moving Defendants, but as to all Defendants.  Put simply, Defendants present new evidence that makes plain that the TRO and PI are no longer justified.  First, the new evidence casts significant doubt on the validity of the patent-in-suit and, thus, on Plaintiff's likelihood of success on the merits.  It is true that the decisions of foreign courts and patent offices are not binding on this Court, but the decisions

cited by Defendants — and the underlying bases for those decisions — are certainly enough to raise a substantial question of invalidity. That is enough to justify denial — or, in this case, vacatur — of a preliminary injunction. *See, e.g.*, *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1399 (Fed. Cir. 2022). Separately, there is some basis to believe that Plaintiff violated its "duty of candor and good faith" in dealing with the United States Patent and Trademark Office ("USPTO"). 37 C.F.R. § 1.56; *see* Defs.' Mem. 14-15 (quoting a letter from the USPTO, which casts doubt as to whether a submission by the Plaintiff to the office was made in good faith); *id.* at 21.[2] On top of that, the lack of any evidence that Plaintiff manufactures or sells the flashlights at issue undermines any finding of irreparable harm; any injury could be remedied by money damages. *See* Defs.' Mem. 25; ECF No. 120, at 3-4; Pl.'s Opp'n 13 (acknowledging that "the lack of prejudice weighs in favor of [the Defendants]"); *see also* ECF No. 18 (no allegations that Plaintiff manufactures or sells the flashlights in the operative complaint).

Two issues remain. First, in support of their motion to recover on the bond, Defendants filed a declaration from Yingbin Li, with sales information redacted. *See* ECF Nos. 119, 119-1. Defendants represented that they had requested to file the declaration under seal, ECF No. 116, at 7, but the Court has not received any motion to seal from Defendants. Accordingly, Defendants shall file a motion to seal and contemporaneously file the unredacted declaration and exhibits under seal by **March 10, 2023**. Any opposition to the motion to seal shall be filed within three days thereafter. Second, Plaintiff shall file any opposition to the motion to recover

---

[2] Specifically, Plaintiff obtained reinstatement of the patent after it had expired by representing to the USPTO that the nonpayment of its maintenance fees was unintentional. In granting reinstatement, the USPTO expressed doubt about whether "the person signing the statement of unintentional delay" had relevant firsthand knowledge and ordered Plaintiff to conduct "an inquiry" if the representation had not been made "as the result of a reasonable inquiry." Conspicuously, Plaintiff's opposition to Defendants' motion to vacate says nothing about whether the nonpayment was intentional or whether an inquiry was conducted.

on the bond with its opposition to Defendants' motion to dismiss — that is, in a consolidated memorandum of law not to exceed twenty-five pages; Defendants shall file a consolidated reply, no to exceed ten pages.  Plaintiff is reminded that it must file a letter with the Court by **March 9, 2023**, indicating its intent to oppose the motion to dismiss and proposing a briefing schedule.  *See* ECF No. 114.

The Clerk of Court is directed to terminate ECF No. 113.  Counsel for Plaintiff is directed to serve a copy of this Memorandum Opinion and Order on the three Defendants who have not appeared within **two business days**, and to file proof of service on the docket within **three business days**.

SO ORDERED.

Dated: March 8, 2023
       New York, New York

                                                      JESSE M. FURMAN
                                                      United States District Judge