

Telephone: +1(212) 741-8080
Facsimile: +1(646) 558-4889
https://balancelawfirm.com

One World Trade Ctr Ste 8500
New York, NY 10007-0089
DC, CT, NJ, MD, WA, AK

March 9, 2023

Via ECF
Hon. Jesse Furman
Thurgood Marshall United States Courthouse, Courtroom 1105
40 Foley Square
New York, NY 10007

**Re: Letter Motion For Court's Leave To File Redacted Document**
Lead Creation Inc. v. P'ship & Unincorporated Ass'ns Identified on Schedule "A", No. 1:22-cv-10377

Dear Judge Furman:

This office represents Shenzhen Sen Zhi Run Dian Zi Shang Wu Co., Ltd. and Haikoushi Lvxuan Trading Co., Ltd. (Defendants), two out of the five defendants, in the above-captioned case.

Defendants respectfully, by and through counsel, submit this letter motion for the Court's leave to redact the sales volume, sales revenue and profit margin portions of Defendants' Declaration of Yingbin Li In Support Of Motion To Recover Against the Bond ("Li Declaration"). (ECF No. 115)

On March 3, 2023, the Court issued an order ("March 3 Order", ECF No. 114) setting an expedited briefing schedule for Defendants' motion ("Motion to Vacate") to dissolve the TRO entered on January 26, 2023, as well as the PI, entered on February 23, 2023, requiring Plaintiff to file any opposition papers to Defendants' Motion to Vacate by March 6, 2023.

On March 8, the Court issued an order ("March 8 Order", ECF No. 121) granting Defendants' Motion to Vacate, ordering the TRO and the PI be terminated immediately.

Defendants filed a redacted Li Declaration in support of the Motion to Recover on March 7 (ECF No. 119) and are now making this motion to the Court pursuant to the March 8 Order, with apologies to the Court for the delay in filing. Defendants respectfully request the Court's leave to redact portions of the Li Declaration relating to Defendants' financial data consisting of, and limited to, data on prior sales volumes, sales revenues, and profit margins. That data is relevant to establishing Defendants' losses during the period that the TRO and PI caused all sales of Defendants' flashlight products over Amazon.com (their one U.S. sales outlet) to abruptly cease and the proceeds of their prior sales to be frozen by Amazon.com pursuant to the requirements of the TRO and PI.

## Legal Arguments

Both the U.S. Supreme Court and the Second Circuit have recognized that the need to protect confidential information can outweigh the presumptive public right of access to judicial documents. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598-99 (1978); *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). Specifically, both Courts have recognized that such confidential information includes "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *Std. Inv. Chtd., Inc. v. Fin. Indus. Regul. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009).

I. Defendants' Financial Data Contains Confidential Business Information That Would Harm Defendants' Competitive Standing If Revealed.

The public disclosure of the information in question would damage Defendants' business by giving their competitors unrestricted access to its confidential information. Defendants invested significant time, money, and resources in growing their market share and a competitor would likely have to make a similar expenditure to duplicate it, or even just to find out about it. As such, Defendants believe this important competitive advantage would be vitiated if their sales volumes, sales revenues and profit margin are subject to public disclosure.

II. Redacting Portions Of Li Declaration Will Not Interfere With the Public's Ability to Review The Basis Of the Court's Decision

The Second Circuit recognizes that the public has both a "common law right of access" and a "qualified First Amendment right of access" to judicial documents such as declaration exhibits in support of motions. *See Lugosch*, 435 F.3d at 119-25.

### A. Common Law Right of Access

In assessing the "common law right of access," the Second Circuit first assesses the "role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.*; *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Documents that "play only a negligible role in the performance of Article III duties" are entitled to very low weight. *Id.* at 1050. A court may determine that redaction of a document best satisfies this balancing test. *Id.* at 1047–48.

Here, Defendants are moving to only redact certain financial data from the Li Declaration and the accompanying Exhibit, and those financial data account for a very small portion of the Li Declaration. Most of the Li Declaration and its accompanying Exhibit will be, and in fact has been, publicly disclosed. We respectfully contend that the mechanics of calculating damages based on numeric values in the record is not essential to, but only plays an ancillary and tangential role in, the Court's exercise of Article III judicial power. The "resultant value" of these financial data in this case is very low. The vast majority of the facts that the Court needs to rely on in exercising its judicial power are publicly disclosed.

Therefore, Defendants' privacy interest in protecting its confidential sales volume, sales revenue and sales profit from its competitive rivals deserves significant weight according to the Second Circuit's "common law right of access" balancing test.

B.  Qualified First Amendment Right of Access

In assessing the "qualified First Amendment right of access," the Second Circuit applies a test that allows exhibits to be sealed where sealing is (1) "necessary to preserve higher values" and (2) "narrowly tailored to achieve that aim." *Id.* at 1048; *Lown v. Salvation Army, Inc.*, No. 04 Civ. 01562 (SHS), 2012 U.S. Dist. LEXIS 148701, at *4-5 (S.D.N.Y. Oct. 12, 2012) (Stein, J.). In *Std. Inv. Chtd., Inc.*, 347 F. App'x 615, the Second Circuit affirmed a Southern District Court decision to allow National Association of Securities Dealers ("NASD") to redact certain financial data contained in correspondence between NASD and the Internal Revenue Service ("IRS"). The Second Circuit upheld the District Court's finding that NASD had justified protection of information that would subject it to "financial harm," and that redaction of only the financial data in the IRS correspondence would satisfy the narrow tailoring requirement. *See Id.* at 617.

Indeed, Defendants' privacy interest also meets the stricter burden of being a "higher value" under the Second Circuit's "qualified First Amendment right of access" test because redacting the financial data portions of the Li Declaration and the accompanying Exhibit is necessary to prevent significant competitive disadvantages to Defendants that would stem from disclosure of their sales volume and sales revenues (from which market share can be determined) and their profit margin to their competitors. Moreover, the need to furnish this confidential information to the Court is occasioned by Plaintiff's improper seeking of a TRO and PI and the consequent need to address the harm to Defendants resulting from the impact of the TRO and PI on them without, in the process, causing further harm to Defendants. That, Defendants respectfully submit, is another compelling higher value to be considered in the context of this motion.

## Conclusion

For the foregoing reasons, Defendants respectfully request the Court to grant their motion to redact sales volume, sales revenue and sales profit portions of the Li Declaration and the accompanying Exhibit.

Yours truly,

/s/ *Beixiao Liu*

Beixiao Robert Liu, Esq
BALANCE LAW FIRM
(212) 741-8080
robert.liu@balancelawfirm.com

The motion to seal is granted temporarily. Plaintiff shall file any opposition to the request within three business days. The Clerk of Court is directed to terminate ECF No. 122.

SO ORDERED.

[signature]

March 9, 2023

3