UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                      :

LEAD CREATION INC.,                                      :

                          Plaintiff,                    :           22-CV-10377 (JMF)
                                                :
                    -v-                          :           MEMORANDUM OPINION
                                                :                AND ORDER

HANGZHOU YUEJI E-COMMERCE CO. LTD., et al.,  :

                        Defendants.                :
                                                :
-------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

       On March 10, 2023, Plaintiff, Lead Creation Inc., filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. ECF No. 127; *see also* ECF No. 135 (re-filed Notice of Voluntary Dismissal). That same day, counsel for Lead Creation Inc., MAH Advising LLC, filed a motion to withdraw as Plaintiff's counsel, citing "fundamental ethical and good faith disagreements between" himself and his client. ECF No. 128. The two Defendants who have appeared then filed a motion to block the voluntary dismissal, ECF No. 129, and a motion for attorneys' fees, ECF No. 134.

       Notably, counsel of record, Michael Hurckes, appears to also be a director of Plaintiff. *See* ECF No. 18, at 16 (Michael A. Hurckes verifying the Amended Complaint as the Director of Lead Creation Inc.). At the same time, though, Mr. Hurckes represented to the Court during the January 26, 2023 hearing that the owners of Lead Creation Inc. are not U.S. citizens and he was unsure of their ability to post a bond, *see* Hearing Tr. 3, suggesting that there are other, undisclosed individuals involved with the company. No later than **March 16, 2023**, Mr. Hurckes shall file a supplemental declaration identifying any and all clients he has relevant to this case

and explaining the relationship between himself and the client(s), including but not limited to what control, if any, he has over the client. That same day, counsel shall serve (1) the motion and the supporting declarations and (2) a copy of this Order on Plaintiff, and by **March 17, 2023**, file proof of such service on the docket. *See* S.D.N.Y. Local Rule 1.4.

Turning to Plaintiff's voluntary dismissal, the Court shares Defendants' concerns about Plaintiff's and counsel's conduct in filing and pursuing this litigation. That said, the Court has no authority to block Plaintiff's voluntary dismissal. A voluntary dismissal under Rule 41(a)(1)(A)(i) is "self-executing and immediately strips the district court of jurisdiction over the merits." *De Leon v. Marcos*, 659 FF.3d 1276, 1283 (10th Cir. 2011); *accord Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809 (2d Cir 2022) ("Subject to any applicable federal statute, dismissal under . . . Rule 41(a)(1)(A) . . . requires no court action to be effective." (cleaned up)); *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012) ("Plaintiffs invoking Rule 41(a)(1)(A)(i), specifically, have an unfettered right voluntarily and unilaterally to dismiss an action." (internal quotation marks omitted)). Because Plaintiff filed its voluntary dismissal under Rule 41(a)(1)(A)(i) prior to service of an answer or a motion for summary judgment, it is immediately self-executing. Accordingly, Defendants' motion to block Plaintiff's dismissal is DENIED, and Defendant's motion to dismiss is DENIED as moot.

That said, the Court can and does retain jurisdiction over "collateral matters related to the case, such as attorney's fees and costs, and sanctions," as well as Defendants' motion to recover from the bond filed in connection with the temporary restraining order ("TRO"). *Covanta Onondaga Ltd. v. Onondaga Cty. Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003) (citations omitted); *see also U.S. D.I.D. Corp. v. Windstream Comm'cns, Inc.*, 775 F.3d 128, 131 (2d Cir. 2014) ("[A] district court may grant recovery from a [Rule 65(c)] security after the

plaintiff files a notice of voluntary dismissal."). Accordingly, the Court retains jurisdiction over Defendants' pending motion to recover on the TRO bond, ECF No. 115, and their pending motion for attorneys' fees, ECF No. 134.[1] It also retains jurisdiction over Plaintiff and counsel with respect to sanctions. Plaintiff shall file a consolidated opposition to the motion to recover on the TRO bond and the motion for attorneys' fees, not to exceed **25 pages**, by **April 4, 2023.** Defendants shall file a consolidated reply, not to exceed **10 pages**, by **April 11, 2023**. With respect to the motion to recover on the TRO bond, the parties should address the Second Circuit's decision in *U.S. D.I.D. Corp. v. Windstream Communications, Inc.*, holding that neither voluntary dismissal nor the dissolution of a TRO necessarily entitle the defendant to recover on the bond; instead, whether the defendant is entitled to recover "turns on a determination that the defendant was wrongfully restrained." 775 F.3d at 136, 140; *see also Tangle, Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 21-CV-7024 (JMF), 2022 WL 16926200, at *1-2 (S.D.N.Y. Nov. 14, 2022).

The Clerk of Court is directed to terminate ECF No. 129.

SO ORDERED.

Dated: March 13, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Defendants have not yet filed any memorandum of law in support of their motion for attorneys' fees. Defendants are directed to promptly file any memorandum of law and exhibits.