UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEAD CREATION INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,", <br><br> Defendants. | Case No.: 1:22-cv-10377 <br><br> **COUNSEL'S DECLARATION** |

1. I am an attorney duly admitted to practice law in the State of New York and the Southern District of New York. I am a Member of MAH Advising LLC, attorneys for the Plaintiff, (hereinafter "the Client"). As such, I am fully familiar with the facts and circumstances surrounding this action.

2. I submit this Affirmation in response to Defendants' Declaration.

3. Defendants' counsel makes an effort to perplex the court and misrepresent information that can be clarified with this statement.

4. The Florida filing is cited by the defendants. Xiadong Fan uses the Americanized name Justin Lewis and has given Counsel the information that Counsel gave in his First Affirmation. It should also be noticed that even the defense attorney for the defendants

goes by an Americanized name, which happens frequently when international names do not translate to Americanized names.

5. In Paragraph 10, Defendants are correct, none of those emails belong to Mr. Hurckes. Martin Liu communicated with Counsel via email at patent@leadcreationinc.com and linxinrong2005@gmail.com. Xiadong "Justin" Fan communicated with Counsel via the email address copyright@leadcreationinc.com. Counsel only sent communications to Martin at this email address and has no awareness of someone by the name of Lin Xin Rong. Counsel's response that there are a variety of reasons why someone's complete legal name wouldn't be in their email address.

6. In response to Paragraph 12 and 25 Counsel attaches the unanimous written Consent electing him to be a director as **Exhibit 1.** Counsel notes that it is undated by mistake and that he provided it was **on or about** November 2, 2022 and October 31, 2022 are only 2 days apart. Counsel's statement remains to be correct and the signature on the filing was as Director.

7. In response to Paragraph 13 Counsel has had no contact with the Ouyangs. Counsel does not believe that they are an owner in Lead Creation Inc. Pursuant to the Joint Written Consent the sole shareholder is Xiadong Fan.

8. In response to Paragraph 14 Counsel reaffirms that he has only communicated with the clients listed in his declaration in this case. The infringement committee is composed of Counsel who has been informed of the circumstances of this case by his clients.

9. Furthermore, the service was delivered to their registered agent in Delaware rather than their registered agent in Florida, for which Counsel operated as registered agent exclusively in Florida. Plaintiff will provide proof of service once received from its Process Server. Only 48 hours were given by the court for Counsel to draft and serve the declaration.

>    Although our service processor is working to effectuate service, counsel has a great deal of other client matters to attend to. As a result, service cannot be completed in 48 hours.

10. In response to Paragraph 16 Counsel responds that he is no longer associated with Lead Creation Inc either as an attorney or as a Director and has no control over it as Counsel was dismissed.

11. In response to paragraphs 20 and 24, counsel argues that he was under no obligation to look up every possible foreign court judgment because foreign patents and foreign judicial decisions are irrelevant to US courts. After conducting US due diligence on the US patent, counsel and our patent attorneys found nothing pertinent with US courts or the US Patent office. In fact, it was never disclosed that the Inventors had any other foreign patents.

12. In Response to paragraphs 21 and 25 by stating that he had absolutely no interaction with the inventors. The non-payment was unintentional and the consequence of ongoing business conversations, according to counsel's clients, and counsel was not made aware of any other reason. Counsel has the right to rely on his client's claims, and he did so. While his clients were knowledgeable about the patent and had not notified Counsel of any of this, Counsel was not retained and was not asked to conduct international due diligence on the Patent.

13. In Response to Paragraph 27, Counsel has no knowledge of the financial affairs of the Company, nor when payments were made. Counsel purely served as Litigation Counsel to protect the interests of the Client's Intellectual Property, and for no other purpose or reason.

14. In response to Paragraph 28 Counsel responds that he believes that $20,000 for a patent with only a few years left was fair and reasonable compensation, furthermore, the Patent was not incredibly valuable as it was for a flashlight, that his clients wished to sell

exclusively, Counsel does not believe that this Patent was worth even that, given the limited lifespan left.

Dated:   March 17, 2023

                                              MAH ADVISING LLC
                                              By: /s/ Michael A. Hurckes
                                              Michael A. Hurckes, Esq.
                                              One World Trade Center
                                              Suite 8500
                                              New York, NY 10007
                                              Tel. 917-791-0636
                                              Fax: 929-374-1016
                                              Email: mh@mahadvising.com
                                              Bar #: 5910898
                                              Attorneys For Plaintiff