**MAH Advising LLC**
**Attorneys At Law**

| | |
|---|---|
| One World Trade Center<br>Suite 8500<br>New York, NY 10007 | 3030 N. Rocky Point Drive W<br>Suite 150<br>Tampa, FL 33607 |

Via ECF
Hon. Arron Stewart D. Aaron
Thurgood Marshall United States Courthouse, Courtroom 1105
40 Foley Square
New York, NY 10007

**Re: Opposition to Letter Motion For A Pre-Motion Discovery Conference And Resulting Order**
    **Lead Creation Inc. v. P'ship & Unincorporated Ass'ns Identified on Schedule "A", No. 1:22-cv-10377**

Dear Judge Aaron,

    This office represents Michael A. Hurckes of MAH Advising LLC. This office also represented Plaintiff Lead Creation Inc. until its motion to withdraw as counsel was granted on March 24, 2023. Michael A. Hurckes, by and through counsel, submit this opposition to Defendants' letter motion to set aside Michael A. Hurckes' claim of attorney-client privilege related to Documents #004-#018.

    Defendants are upset and pounding the wall because as expected their wild theories are completely without evidentiary support and frivolous within the meaning of Rule 11 and now seeking to destroy the most crucial privilege that is afforded to our legal system. The communication between MAH Advising LLC and Plaintiff is confidential communication as Mr. Hurckes acted as in-house counsel with a limited role of being head of the infringement committee with the sole purpose of pursuing the infringement claims brought to its notice. This communication was made for the purpose of seeking legal advice for potential and ongoing litigation. Thus, they are confidential and covered by the attorney-work product privilege. Confidential communications between in-house counsel and corporate employees are privileged to the same extent as communications between outside counsel and a client. Upjohn Co. v. United States, 449 U.S. 383, 394-95, 101 S. Ct. 677, 684, 66 L. Ed. 2d 584 (1981), Ames

MAH Advising LLC
Attorneys At Law

One World Trade Center
Suite 8500
New York, NY 10007

3030 N. Rocky Point Drive W
Suite 150
Tampa, FL 33607

v. Black Entm't TV, 98 Civ. 0226 (LMM)(AJP), 1998 U.S. Dist. LEXIS 18053, at *20 (S.D.N.Y. Nov. 17, 1998)

Any documents referring to the intended or actual beneficiaries of the instant litigation are attorney work product and confidential. The work-product privilege, or doctrine, has been codified in Fed. R. Civ. P. 26(b)(3). Its purpose is to "preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (S.D.N.Y. 1998). It is viewed as promoting the adversary system since it allows attorneys to be free to prepare their cases without fear that their work product will be used against their clients. RESOLUTION Tr. Corp. v. Mass. Mut. LIFE Ins. Co., 200 F.R.D. 183, 188 (W.D.N.Y. 2001)

Defense counsel's claims of a high percentage of documents being covered by attorney-client privilege are irrelevant as there is no specific formula which states that a certain percentage of documents must be produced. Mr. Hurckes acted as attorney for Plaintiff to pursue its claim of patent infringement and did not participate in any business decisions. Therefore, it is natural that the documents and communication are attorney-client privileged. Where business and legal advice are intertwined and the legal advice is predominant the communication is protected. The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance. In re Cty. of Erie, 473 F.3d 413, 418 (2d Cir. 2007). Fletcher v. ABM Bldg. Value, 2017 U.S. Dist. LEXIS 63016, at *6-7 (S.D.N.Y. Apr. 18, 2017). Courts in this Circuit interpret Rule 26(b)(3) to afford work product protection to a document 'created because of the prospect of litigation,' even if it was simultaneously created to 'assist with a business decision.

MAH Advising LLC
Attorneys At Law

One World Trade Center　　　　　　　　　　　　3030 N. Rocky Point Drive W
Suite 8500　　　　　　　　　　　　　　　　　　　Suite 150
New York, NY 10007　　　　　　　　　　　　　　Tampa, FL 33607

Homeward Residential, Inc. v. Sand Canyon Corp., No. 12-CV-5067 (JFK) (JLC), 2017 U.S. Dist. LEXIS 171685, at *19 (S.D.N.Y. Oct. 17, 2017).

The attorney-client privilege "enable[s] attorneys to give informed legal advice to clients" and "protects communications between a client and its attorney that are intended to be, and in fact were, kept confidential." Schaeffler v. United States, 806 F.3d 34, 40 (2d Cir. 2015). This Court has held that communications are deemed confidential if:

(1) . . . legal advice of any kind is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communication relates to that purpose, (4) made in confidence, (5) by the client, and (6) are at his or her insistence permanently protected, (7) from disclosure by the client or the legal advisor, (8) except if the protection is waived. Loguidice v. McTiernan, No. 1:14-CV-1323 (TJM/CFH), 2016 U.S. Dist. LEXIS 113745, at *15 (N.D.N.Y. Aug. 25, 2016)

As evident from the documents already produced, Plaintiff approached Michael A. Hurckes for the sole purpose of seeking legal advice. Mr. Hurckes acted as director and head of infringement committee in his capacity as professional legal advisor. The communication was related to the purpose of infringement litigation made in confidence to their legal advisor. This protection has not been waived by Plaintiff or its officers.

The Unanimous Written Consent cannot be held as Plaintiff's waiver of the privilege by the act of appointing his attorney as director of the corporation for the sole purpose of heading the infringement committee. Defense counsel has provided no precedent or law that can support this absurd position. It is commonplace for attorneys to act as directors of a corporation with no other corporate role or responsibility. Mr. Hurckes verified that the Patent-in-suit was valid and a product embodying the invention was made available for sale by Plaintiff in United States. It was also verified that Defendants sold infringing products in the

**MAH Advising LLC**
**Attorneys At Law**

| One World Trade Center | 3030 N. Rocky Point Drive W |
| Suite 8500 | Suite 150 |
| New York, NY 10007 | Tampa, FL 33607 |

State of New York. Sale of even one infringing product was enough to establish personal jurisdiction and irreparable harm. Mr. Hurckes was under no obligation to conduct extensive research into the sales data of Plaintiff. Mr. Hurckes did not participate in any key business decisions and his role was solely limited to giving legal advice. <u>In re O.P.M. Leasing Services, Inc.</u> 670 F.2d 383, 386 (2d Cir. 1982) ("Where a corporate entity seeks legal advice, the attorney-client privilege belongs to the corporation alone. It follows that the privilege may be waived only by corporate officers or directors with the authority to do so.) This privilege can only be waived by Plaintiff or its director. <u>In re Grand Jury Subpoena Duces Tecum</u>, 391 F. Supp. 1029, 1031 (S.D.N.Y. 1975) the court held that a respondent firm waived its privilege and since a corporation can act only through its officers, respondent officer cannot assert the attorney-client privilege as to matters involving the affairs of the respondent firm, or embracing his role or activities as an officer or director but can assert privilege relating to representation of respondent officer individually and apart from his corporate role. Similarly, Mr. Hurckes has only claimed attorney-client privilege related to the communication made in his professional legal capacity. The privilege is not waived just because Mr. Hurckes also acted as director of the Plaintiff Corporation.

For the foregoing reasons, MAH Advising LLC respectfully requests that Defendants' requests for the waiver of the attorney-client privilege for documents #004-#018 be denied.

MAH ADVISING LLC
By: <u>/s/ Michael A. Hurckes</u>
Michael A. Hurckes, Esq.
One World Trade Center
Suite 8500
New York, NY 10007
Tel. 917-791-0636
Fax: 929-374-1016
Email: mh@mahadvising.com

**MAH Advising LLC**
**Attorneys At Law**

| | |
|---|---|
| **One World Trade Center** | **3030 N. Rocky Point Drive W** |
| **Suite 8500** | **Suite 150** |
| **New York, NY 10007** | **Tampa, FL 33607** |

Bar #: 5910898