```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/06/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lead Creation Inc.,

                                    Plaintiff,

-against-

The Partnerships and Unincorporated Associations identified on Schedule A, et al.,

                                    Defendants.

1:22-cv-10377 (JMF) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a Letter Motion by defendants Shenzhen Sen Zhi Run Dian Zi Shang Wu Co., Ltd. and Haikoushi Lvxuan Trading Co., Ltd. (the "Moving Defendants") seeking to compel the production of documents that were withheld by former Plaintiff's counsel, Michael Hurckes ("Attorney Hurckes"), on attorney-client privilege grounds and seeking to compel Attorney Hurckes to testify at his upcoming deposition without asserting attorney-client privilege as to various subjects. (Defs.' 4/4/23 Ltr. Mot., ECF No. 156.) For the reasons set forth below, the Moving Defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

On December 8, 2022, Plaintiff Lead Creation Inc. ("Plaintiff") filed this action alleging that the defendants, including the Moving Defendants, were infringing on Plaintiff's patent for a flashlight (the "Patent-in-suit").[1] (*See* Compl., ECF No. 1.) The same day, Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO") seeking, among other things, to enjoin the

---

[1] The named defendants were certain fully interactive, e-commerce stores operating under seller aliases identified on Schedule A to the Complaint. (*See* Compl., Sch. A, ECF No. 1-1.)

manufacture, importation, distribution, offering for sale and sale of infringing products. (Pl.'s 12/8/22 Mot., ECF No. 2.) On January 26, 2023, the Court granted the TRO (1/26/23 Order, ECF No. 91), and extended it on February 9, 2023. (2/9/23 Order, ECF No. 98.) Plaintiff then moved for a preliminary injunction ("PI") (Pl.'s 2/22/23 Mot., ECF No. 105), which the Court granted on February 23, 2023. (2/23/23 Order, ECF No. 106.)

On March 2, 2023, the Moving Defendants moved to vacate the TRO and the PI. (Defs.' 3/2/23 Mot., ECF No. 113.) The Moving Defendants asserted that technology Plaintiff relied upon in this action, which was embodied in the Patent-in-suit that Plaintiff had purchased from the claimed inventors just a few months earlier, had been determined by courts and patent offices in Taiwan, mainland China, Germany and Japan to be invalid and unenforceable in all four countries, and that Plaintiff had made a false representation to the U.S. Patent and Trademark Office ("USPTO") in order to revive the U.S. Patent-in-suit, which had expired in May 2021. (*See* Defs.' 3/2/23 Mem., ECF No. 113, at PDF pp. 5-15.) On March 8, 2023, the Court vacated the TRO and PI. *See Lead Creation Inc. v. Hangzhou Yueji E-Com. Co.*, No. 22-CV-10377 (JMF), 2023 WL 2403678, at *1 (S.D.N.Y. Mar. 8, 2023). The Court held:

> Put simply, Defendants present new evidence that makes plain that the TRO and PI are no longer justified. First, the new evidence casts significant doubt on the validity of the patent-in-suit and, thus, on Plaintiff's likelihood of success on the merits. It is true that the decisions of foreign courts and patent offices are not binding on this Court, but the decisions cited by Defendants — and the underlying bases for those decisions — are certainly enough to raise a substantial question of invalidity. That is enough to justify denial — or, in this case, vacatur — of a preliminary injunction. . . . Separately, there is some basis to believe that Plaintiff violated its "duty of candor and good faith" in dealing with the [USPTO]. . . . On top of that, the lack of any evidence that Plaintiff manufactures or sells the flashlights at issue undermines any finding of irreparable harm; any injury could be remedied by money damages.

*Id*. (citations and footnote omitted).

On March 7, 2023, while the foregoing motion was pending, the Moving Defendants moved to recover on the bond that had been posted when the TRO was granted. (Defs.' 3/7/23 Mot., ECF No. 115.) On March 10, 2023, Plaintiff filed a Notice of Voluntary Dismissal. (Pl.'s 3/10/23 Not., ECF No. 127.) Also on March 10, 2023, Attorney Hurckes moved to withdraw as counsel, stating that "there exist fundamental ethical and good faith disagreements between Moving Counsel and the Client concerning actions to be taken in litigating the underlying issues regarding the ethics of actions, arguments to be made, and the validity of arguments to be made in this action." (3/10/23 Mot. to Withdraw, ECF No. 128, ¶ 2.) On March 13, 2023, the Moving Defendants filed a motion to recover attorneys' fees and expenses. (Defs.' 3/13/23 Mot., ECF No. 134.)

In an Order, dated March 14, 2023, the Court found that Plaintiff's Notice of Voluntary Dismissal was "immediately self-executing," so as to dismiss the case. (*See* 3/14/23 Mem. Op. & Order, ECF No. 137, at 2.) However, the Court retained jurisdiction over the Moving Defendants' motion to recover on the TRO bond and their motion for attorneys' fees, and also retained jurisdiction over Plaintiff and counsel with respect to sanctions. (*See id*. at 3.)

On March 23, 2023, the Moving Defendants filed a Letter Motion to compel Plaintiff and Attorney Hurckes to produce documents and appear for deposition regarding the subjects covered. (Defs.' 3/23/23 Ltr. Mot., ECF No. 145.) By Order, dated March 24, 2023, the Court granted Attorney Hurckes's motion to withdraw, and stated that "the Court retain[ed] jurisdiction over counsel (and Plaintiff) with respect to all collateral matters, including Defendants' pending motions to recover on the TRO bond and for attorney's fees, any motion for sanctions, and discovery in aid of these matters." (3/24/23 Order, ECF No. 146, at 1.)

On March 29, 2023, the Court granted the Moving Defendants' motion to compel Plaintiff and Attorney Hurckes to produce documents and appear for deposition as unopposed, and directed Attorney Hurckes to produce the requested documents within seven days and to appear for deposition five days thereafter. (3/29/23 Order, ECF No. 148.) Later in the day on March 29, 2023, Attorney Hurckes filed a Letter Motion to vacate the Court's Order and a letter response in opposition to the motion to compel. (3/29/23 Ltr. Mot., ECF No. 150; 3/29/23 Ltr. Resp., ECF No. 151.) By Order, dated March 30, 2023, the Court deemed Attorney Hurckes's opposition to be a motion for reconsideration, and denied the motion. (3/30/23 Order, ECF No. 152, at 1.) The Court stated:

> Mr. Hurckes's sole argument is that the documents requested are covered by attorney-client privilege. That may or may not be true for some of the documents requested, but it is not likely to be true for all of them given that Mr. Hurckes was a director of Plaintiff, not merely its attorney, and attorney-client communications for business purposes are not privileged. . . . In any event, the prospect that some of the documents requested are protected from disclosure is not a basis to avoid discovery altogether; it is a basis to create a privilege log identifying with particularity the documents withheld on the basis of privilege so that Defendants may test the privilege if they believe it is improperly invoked.

(*Id*. at 1-2.) Thus, the Court directed Attorney Hurckes "to comply with the Court's March 29, 2023 Order by producing the requested documents (and, as appropriate, a privilege log), and to sit for a deposition thereafter." (*Id*. at 2.)

On or about April 3, 2023, Attorney Hurckes served objections and responses to the Moving Defendants' request for production of documents, as well as a privilege log. (*See* Hurkes' Objs. & Resps., ECF No. 156-7; Hurkes' Privilege Log, ECF No. 156-6.) On April 4, 2023, the Moving Defendants filed the Letter Motion now before the Court seeking to compel the production of documents that were withheld by Attorney Hurckes on attorney-client privilege grounds and

4

seeking to compel Attorney Hurckes to testify at his upcoming deposition without asserting attorney-client privilege as to various subjects. (*See* Defs.' 4/4/23 Ltr. Mot.) On April 5, 2023, the Moving Defendants' Letter Motion was referred to the undersigned and Attorney Hurckes was directed to provide for *in camera* review the documents listed in his Privilege Log. (Order of Ref., ECF No. 159; 4/5/23 Order, ECF No. 158.) Attorney Hurckes provided the documents to the Court as directed, and on April 6, 2023, filed his opposition to the Moving Defendants' Letter Motion. (Hurckes's Opp., ECF No. 163.)

On April 6, 2023, the undersigned held a telephone conference.

## LEGAL STANDARDS

Under federal common law,[2] "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). "The purpose of the privilege is to encourage clients to make full disclosure to their attorneys." *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) (quotation marks and citation omitted). Courts have emphasized that "[w]hile the privilege confers important social benefits, it also exacts significant costs" because "[i]t runs counter to the ordinary judicial interest in the disclosure of all relevant evidence." *In re Application of Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997) (citation omitted); *see also In re Bairnco Corp. Secs. Litig.*, 148 F.R.D. 91, 96 (S.D.N.Y. 1993) (noting that "the attorney-client privilege both advances and impedes the administration of justice"). Thus,

---

[2] "Where, as here, subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law." *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001) (citation omitted).

5

courts apply the attorney-client privilege "only where necessary to achieve its purpose and construe the privilege narrowly because it renders relevant information undiscoverable." *Mejia*, 655 F.3d at 132 (quotation marks and citations omitted).

"The party claiming the benefit of the attorney-client privilege has the burden of establishing all the essential elements." *United States v. Adlman*, 68 F.3d 1495, 1500 (2d Cir. 1995); *see also In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, . . . a burden not discharged by mere conclusory or ipse dixit assertions.") (quotation marks and citations omitted).[3]

## **ANALYSIS**

The Court has reviewed *in camera* the documents from Attorney Hurckes's Privilege Log and makes the following rulings:

The documents with the ID numbers 004 through 012 are instant messages sent via the platform Telegram Messenger between Attorney Hurckes and his clients (*i.e.*, Yucan Liu (a/k/a

---

[3] "[T]he work-product doctrine is distinct from and broader than the attorney-client privilege." *In re Grand Jury Proc.*, 219 F.3d 175, 190 (2d Cir. 2000) (citation omitted). The work product doctrine is designed "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). The doctrine protects "factual material, including the result of a factual investigation" — commonly referred to as fact work product — as well as material that "reveals the 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative'" — commonly referred to as opinion work product. *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007). The party asserting work product protection must demonstrate that the material at issue "(1) [is] a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative." *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 173 (S.D.N.Y. 2008) (citation omitted).

Martin) and Xiadong Fan (a/k/a Justin)) requesting and/or providing legal advice. Thus, they are privileged. Similarly, the documents with the ID numbers 013 and 015 through 018 are emails between Attorney Hurckes and Plaintiff's personnel requesting and/or providing legal advice. They too are privileged.

The document with ID number 014 contains three emails. The first, which was sent by the USPTO to Attorney Hurckes's office is not privileged. The second email, sent on November 1, 2022 at 2:13 p.m., appears to be a forward by Attorney Hurckes of the USPTO email to his office and also is not privileged. However, the email sent on November 1, 2022 at 4:03 p.m. is a communication from Attorney Hurckes to Plaintiff providing legal advice. Accordingly, Attorney Hurckes shall produce the document with ID number 014 redacting only the email sent on November 1, 2022 at 4:03 p.m.

In addition, the Court finds that the attachments to the following documents are not themselves privileged and shall be produced: (1) the attachment to the document with ID number 013 (*i.e.*, "Electronic Patent Application Fee Transmittal"); (2) the attachment to the document with ID number 014 bearing the heading "Patent Assignment Cover Sheet"; and (3) the three attachments to the document with ID number 017 (Patent Nos. US 6,866,401, US 7,147,343 and 5,560,705). Certain of the attachments to emails listed on Attorney Hurckes's Privilege Log also are not privileged, but already have been produced, *i.e.*, the attachment to the document with ID number 014 bearing the heading "NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT"; the attachment to the document with ID number 015 containing an Amazon screenshot; and the attachment to the document with ID number 018. Based upon the Court's *in*

*camera* review, the Court finds that the remaining attachments properly were withheld on privilege grounds.[4]

The Moving Defendants argue that, since Attorney Hurckes is a Director of Plaintiff and a member of Plaintiff's Infringement Committee, his communications should not be shielded by privilege. (*See* Defs.' 4/4/23 Ltr. Mot. at 2-3.) As Judge Furman previously stated, communications for business purposes are not privileged. (*See* 3/30/23 Order at 1-2.) However, the fact that Attorney Hurckes is a Director of Plaintiff does not render all of his communications discoverable, since he also was acting as counsel for Plaintiff. The Court finds that Attorney Hurckes's relationship with Plaintiff is analogous to the relationship that an in-house counsel has with his corporate employer. While such in-house counsel (like Attorney Hurckes here) often wear "two hats" (*i.e.*, legal and business), such that not all of their communications are privileged, *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060 (CM) (KHP), 2019 WL 1259382, at *4 (S.D.N.Y. Mar. 19, 2019), the communications that the Court finds herein to be privileged are communications regarding the provision of legal advice and, as such, properly are withheld.

With respect to Attorney Hurckes's upcoming deposition, he properly may decline to answer questions regarding the legal advice he gave to Plaintiff on the grounds of attorney-client privilege. "[T]he privilege belongs solely to the client and may only be waived by him." *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987); *accord Lama v. Malik*, 25 F. Supp. 3d 316, 319 (E.D.N.Y.

---

[4] Although Attorney Hurckes did not state on his Privilege Log that any of the documents listed were protected by the work product doctrine, he argued in his submissions to the Court that the work product doctrine applied. (*See* Hurckes's Opp. at 1-2; *see also* 4/5/23 email to Court, ECF No. 165.) The Court notes that certain of the documents listed on Attorney Hurckes's Privilege Log, which reflect communications in reasonably close proximity to the filing of this action, and thereafter, also are protected by the work product doctrine, insofar as they were prepared in anticipation of litigation.

2014). The fact that Attorney Hurckes no longer is counsel of record in this action does not affect the privilege as to legal advice during the period of representation. *See SGM Holdings LLC v. Andrews*, No. 15-CV-08142 (PAC) (SLC), 2022 WL 3447542, at *3 (S.D.N.Y. Aug. 17, 2022) ("Plaintiffs cite no authority—and the Court has found none—for the proposition that the attorney-client privilege and work-product protections were automatically destroyed when [the attorney] withdrew his appearance as counsel for the *DNV* Plaintiffs.").

Nevertheless, because Attorney Hurckes was a Director of Plaintiff and also was a member of its Infringement Committee, he must answer questions regarding his role in Plaintiff's business, notwithstanding the fact that he is an attorney. For example, Attorney Hurckes may be asked questions regarding his involvement as a Director and member of Plaintiff's Infringement Committee in recording the assignment of the Patent-in-suit (*see* Notice of Recordation, ECF No. 156-4 (listing Attorney Hurckes as recipient of Notice)) and in filing the Petition to Accept Unintentionally Delayed Payment of Maintenance Fee In An Expired Patent. (*See* Liu Decl., ECF No. 113-1, ¶ 70.)

## CONCLUSION

For the foregoing reasons, the Moving Defendants' Letter Motion is GRANTED IN PART and DENIED IN PART. Attorney Hurckes shall produce to Plaintiff by 12 noon on Friday, April 7, 2023, the following documents: (1) the document with ID number 014 redacting only the email sent on November 1, 2022 at 4:03 p.m.; (2) the attachment to the document with ID number 013 (*i.e.*, "Electronic Patent Application Fee Transmittal"); (3) the attachment to the document with ID number 014 bearing the heading "Patent Assignment Cover Sheet"; and (4) the three

attachments to the document with ID number 017 (Patent Nos. US 6,866,401, US 7,147,343 and 5,560,705).

**SO ORDERED.**

Dated:   New York, New York
        April 6, 2023

                                                                                             _____
                                                                                           STEWART D. AARON
                                                                                           United States Magistrate Judge