**UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEAD CREATION INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 1:22-cv-10377 <br><br><br><br><br><br><br><br> Judge Jesse Furman |

## Memorandum of Law In Support Of Defendants' Motion To Sanction Plaintiff, Its Sole Owner Xiaodong Fan, and Its Chairman Justin Lewis

Beixiao Robert Liu, Esq.

Balance Law Firm

1 World Trade Ctr Ste 8500
New York, NY 10007

(212) 741-8080

(646) 558-4889 fax

robert.liu@balancelawfirm.com

i

## TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................................... 1

**PROCEDURAL HISTORY** ..................................................................................................... 2

**LEGAL ARGUMENT** .............................................................................................................. 3

    I.    LEGAL STANDARD FOR SANCTIONS UNDER FED. R. CIV. P. 37 ........................................ 3

    II.   DISCUSSION OF SANCTIONS UNDER FED. R. CIV. P. 37 .................................................... 5

        A.   *Willfulness of Plaintiff's, Fan's and Lewis' Noncompliance* .................................... 5

        B.   *Efficacy of Lesser Sanctions* ..................................................................................... 6

        C.   *Duration of Noncompliance* ..................................................................................... 6

        D.   *Adequate Warning of Possible Sanctions* ................................................................ 7

        E.   *The Court Should Impose Strong Sanctions on Plaintiff, Fan and Lewis Both As Punishment and As Deterrent.* ........................................................................................................... 7

    III.  FILING INJUNCTION ........................................................................................................... 8

        A.   *Plaintiff's History Of Bringing Vexatious, Harassing or Duplicative Lawsuits* ..... 9

        B.   *Plaintiff's Motive In Pursuing The Litigation* ....................................................... 10

        C.   *Plaintiff Was Represented By Counsel During Most of This Case.* ....................... 10

        D.   *Needless Expense* .................................................................................................. 11

        E.   *Efficacy of Other Sanctions* ................................................................................... 11

        F.   *The Scope Of Filing Injunction* ............................................................................. 12

**CONCLUSION** ........................................................................................................................ 12

# Table of Authorities

**Federal Cases**

*Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*,
  83 F.3d 44 (2d Cir. 1996) .................................................................................... 13

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ................................................................................................ 9

*Eliahu v. Jewish Agency for Isr.*,
  919 F.3d 709 (2d Cir. 2019) .................................................................................. 9

*Guggenheim Capital, L.L.C. v. Birnbaum*,
  722 F.3d 444 (2d Cir. 2013) .................................................................................. 5

*Iwachiw v. N.Y. State DMV*,
  396 F.3d 525 (2d Cir. 2005) ................................................................................ 10

*McDonald v. Head Criminal Court Supervisor Officer*,
  850 F.2d 121 (2d Cir. 1988) ................................................................................ 12

*Reilly v. NatWest Mkts. Grp. Inc.*,
  181 F.3d 253 (2d Cir. 1999) .................................................................................. 4

*S. New Eng. Tel. Co. v. Glob. NAPs Inc.*,
  624 F.3d 123 (2d Cir. 2010) .................................................................................. 6

*Safir v. U.S. Lines, Inc.*,
  792 F.2d 19 (2d Cir. 1986) .................................................................................. 13

*Shafii v. British Airways, Pub. Ltd. Co.*,
  83 F.3d 566 (2d Cir. 1996) .................................................................................... 9

*Valentine v. Museum of Modern Art*,
  29 F.3d 47 (2d Cir. 1994) ...................................................................................... 5

*World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*,
  694 F.3d 155 (2d Cir. 2012) .................................................................................. 5

**Other**

Fed. R. Civ. P. 37 ................................................................................... 1,4,5,6,8,9

Defendants Shenzhen Sen Zhi Run Dian Zi Shang Wu Co., Ltd. and Haikoushi Lvxuan Trading Co., Ltd. ("Defendants"), by and through counsel, respectfully submit this brief in support of their motion, pursuant to Fed. R. Civ. P. 37(b)(2) and 37(d)(3) as well as the Court's inherent power, for an order to sanction Plaintiff, its sole owner Xiaodong Fan ("Fan"), and its Chairman Justin Lewis ("Lewis"), with respect to their failure to obey the Court Order to produce documents and to appear for deposition on April 10th, 2023.

## INTRODUCTION

Plaintiff and its leadership team of Fan and Lewis have so far successfully avoided any accountability for their conduct in this action by brazenly ignoring court-ordered deposition and document production requirements and creating a document (the undated "Unanimous Written Consent," ECF No. 142 Ex. 1) that placed its then counsel Michael A. Hurckes in the position of being the only other director of Plaintiff besides Fan himself and charged personally with sole responsibility as Plaintiff's one-member Infringement Committee with commencing any litigation including this action and with all interfacing with the USPTO. In so doing, they presumably knew that Mr. Hurckes, if deposed, could shield their conduct behind the attorney-client privilege, as he has in fact done, invoking that privilege no fewer than 37 times in his deposition (on average once every four minutes) conducted pursuant to the Court's order and stating his lack of substantive documents on sales and other foundationally important aspects of Plaintiff's business, (Def. Att'y's Decl. ¶15–16) seeking thereby to assure that Plaintiff would be shielded from having to reveal any significant information about itself while Fan (and Lewis, if he and Fan are not in fact identical) hide in the shadows, refusing to be deposed or to produce any documents. The result is a travesty of the litigation process and an open invitation to others to

1

employ the same methods of obfuscation and deceit to thumb their noses at the Rule of Law as they misuse court processes to seek to accomplish their own malevolent ends, recklessly–and indeed intentionally–harming others in the process for their own ill-gotten financial gain and without regard to the consequences of their conduct.

## PROCEDURAL HISTORY

On March 29th, 2023, the Court issued an order ("Discovery Order") compelling Plaintiff, its former counsel Mr. Hurckes, Fan, and Lewis (Fan's alleged alter ego) to produce documents requested by Defendants within seven days and to appear for depositions via Zoom videoconference five days thereafter. The Discovery Order and Defendants' motion to compel (ECF No. 145) were properly served on Plaintiff Lead Creation Inc., as well as on Xiaodong Fan and Justin Lewis via both email and mail. (ECF No. 153–55) The three email addresses used for service purpose, patent@leadcreationinc.com, copyright@leadcreationinc.com, and linxinrong2005@gmail.com were provided by Plaintiff's then-counsel Mr. Hurckes in his declaration (ECF No. 142 ¶5). The mailings were directed to Plaintiff's registered agents in both Delaware, where Plaintiff was incorporated, and Florida, where Plaintiff has maintained its principal place of business since February of this year. Incidentally, Plaintiff's registered agent in Florida is still Mr. Hurckes. (Def. Att'y's Decl. ¶3–6)

Neither Plaintiff nor its sole owner Fan (or his alleged alter ego Lewis) has produced any document to Defendants within the seven-day period set by the Discovery Order, nor has there been any production by any of them, or response from any of them of any kind, since that time. (Def. Att'y's Decl. ¶7)

Counsel for Defendants had also sent Deposition Notices and Subpoenas to Mr. Hurckes, as well as to Plaintiff Lead Creations Inc., Xiaodong Fan and Justin Lewis via email on March 31, 2023. Upon learning about another email address leadcreationinc@yahoo.com belonging to Plaintiff, Counsel for Defendants immediately sent the Deposition Notice and Subpoena to that email address on April 6th, 2023. (Def. Att'y's Decl. ¶8)

On April 10th, 2023 when all the depositions were scheduled to be taken, only Mr. Hurckes appeared. None of Plaintiff, Fan, or Lewis appeared for deposition on April 10th. Counsel for Defendants and the court reporter kept the Zoom videoconference open throughout the day on April 10th and waited online until one hour past the last scheduled deposition, to give deponents a fair and ample opportunity to appear. (Def. Att'y's Decl. ¶9-10)

So far, none of Plaintiff, Fan or Lewis has offered any explanation for their failure to appear for deposition. In fact, Counsel for Defendants has never heard anything from Plaintiff, Fan or Lewis ever. (Def. Att'y's Decl. ¶11)

## LEGAL ARGUMENT

### I. Legal Standard For Sanctions Under Fed. R. Civ. P. 37

Fed. R. Civ. P. 37 governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct. Fed. R. Civ. P. 37 provides in relevant part that:

> "If a party or a party's officer, director, or managing agent … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

*Id.* R. 37(b)(2)(A)

> "The court where the action is pending may, on motion, order sanctions if:
>   (i)   a party or a party's officer, director, or managing agent…fails, after being served with proper notice, to appear for that person's deposition…
> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(d)(3)

Under Rule 37, "a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). Imposing sanctions pursuant to Fed. R. Civ. P. 37 "is within the discretion of the district court and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158-59 (2d Cir. 2012) (citing *John B. Hull, Inc. v. Waterbury Petrol. Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)).

In exercising their discretion under Rule 37, courts in the Second Circuit consider "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the[] noncompliance; and (4) whether the non-compliant party had been warned that noncompliance would be sanctioned." *Guggenheim Capital, L.L.C. v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). The factors are not exclusive; nor does each one have to be resolved against the party being sanctioned for sanctioning to be appropriate. *World Wide Polymers, Inc.*, 694 F.3d at 159

4

It has also held that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49-50 (2d Cir. 1994); *see also Schuster v. Charter Commc'ns*, No. 18-cv-1826 (RJS), at 12 (S.D.N.Y. Apr. 8, 2021) ("Rule 37 sanctions improve the function of the legal process by 'ensur[ing] that the parties comply with court orders in the particular case,' 'serv[ing] as a specific deterrent by penalizing those whose conduct warrants sanction,' and 'provid[ing] a general deterrent effect.'")

Furthermore, when sanctioning deliberate and persistent noncompliance, a district court is not required to exhaust possible lesser sanctions before imposing a more severe one if such a sanction is appropriate on the overall record. *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

Under Fed. R. Civ. P. 37, if a court imposes sanctions for a party's failure to attend that party's deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Schuster v. Charter Commc'ns*, No. 18-cv-1826 (RJS), at *17-18 (S.D.N.Y. Apr. 8, 2021); *see* Fed. R. Civ. P. 37(d)(3).

## II.   Discussion Of Sanctions Under Fed. R. Civ. P. 37

### A.   Willfulness of Plaintiff's, Fan's and Lewis' Noncompliance

Plaintiff's, Fan's and Lewis' failure to comply with the Order is willful, and there is no legitimate explanation for their noncompliance. The Order had been served on Plaintiff and on

5

Fan via both email and mail. It suffices to say that Plaintiff, Fan and Lewis have all received sufficient service and have had ample opportunity to appear through new counsel or otherwise respond to the Order, but they have chosen not to do so. Their disobedience is a deliberate act.

Throughout the entire case, neither Plaintiff, Fan, nor Lewis ever appeared directly, e.g., submitted a declaration. After Mr. Hurckes was allowed to withdraw as counsel, neither Plaintiff, Fan nor Lewis has retained new counsel to represent them in this case, and Plaintiff failed to file an answering brief to Defendants' motions to recover against the TRO bond and for attorneys' fees and expenses. That further demonstrates that Plaintiff, Fan, and Lewis are willfully ignoring this court proceeding, and that willful misconduct lasted throughout the entire period relevant to this motion.

B. Efficacy of Lesser Sanctions

Given the completely intentional disregard of the Order and this Court's proceedings by Plaintiff, by Fan and by Lewis ever since Mr. Hurckes' withdrawal as counsel, it's reasonable to infer that only a very substantial sanction will be meaningful, and only such a substantial sanction will suffice to make the point to Plaintiff, Fan and Lewis that they are not at liberty to ignore court orders at will and to serve as a deterrent to others following their example of willful disregard of court orders.

C. Duration of Noncompliance

In fact, Plaintiff, Fan and Lewis did not suddenly decide only very recently to defy the Court but have been evasive since at least the very moment this case turned badly for them. It could even be said that the foundation for their evasive conduct was set when Fan appointed Mr. Hurckes as the sole other director besides himself and made him the sole member of the board

6

committee charged with making and pursuing all decisions respecting the bringing of legal actions and before the USPTO. While Mr. Hurckes maintained in his deposition that he ran all decisions by Fan for his approval (Def. Att'y's Decl. ¶12), the fact is that Fan from the outset created a record designed to disassociate himself from the actions taken in this case.

    D.  Adequate Warning of Possible Sanctions

Plaintiff was represented by counsel for most of this action to date. Even after Mr. Hurckes was allowed to withdraw as counsel, he remains as Plaintiff's registered agent in Florida. It's reasonable to infer that when Mr. Hurckes withdrew as counsel and thereafter, Mr. Hurckes explained to Plaintiff and to Fan the consequences of not having legal representation before this Court and the consequences of not responding to any court order, including this Order.

    E.  The Court Should Impose Strong Sanctions on Plaintiff, Fan and Lewis Both As Punishment and As Deterrent.

In light of these factors, Defendants respectfully request that the Court sanction Plaintiff, as well as Fan and Lewis individually, sufficiently strongly to demonstrate that there are severe consequences to acting in such an irresponsible and injurious manner and to abusing the court processes. That kind of conduct is worthy of imposition of the three consequences under Fed. R. Civ. P. 37(b)(2) listed below:

    (i)    directing that the matters embraced in the Order be taken as established for purposes of the action, including that Plaintiff had no sales or manufacturing of flashlights either before or after the TRO in this action was issued and that the patentees and assignors of the patent-in-issue to Plaintiff acted intentionally in failing to make the required patent maintenance payment to the USPTO;

    (ii)   prohibiting Plaintiff from opposing the matters taken as established under (i); and

> (iii)   imposing very serious sanctions on Plaintiff, Fan and Lewis as the Court determines to be just and proper in the circumstances as a strong deterrent to Plaintiff and Fan in their future litigation "efforts" and to discourage others from following their deplorable example.

In addition, the Court should impose monetary sanctions on Plaintiff, Fan and Lewis for their failure to produce documents and to sit for depositions, pursuant to Fed. R. Civ. P. 37(d)(3), covering (i) the fees of the court reporter Defendants retained to transcribe the depositions of Plaintiff, Fan and Lewis (totaling $337.50); (ii) Defendants' attorney's fees incurred in connection with preparing for the April 10th, 2023 depositions of Plaintiff, Fan and Lewis (totaling $1,000); and (iii) Defendants' attorney's fees incurred in attending the deposition (totaling $2,500). (Def. Att'y's Decl. ¶17)

### III.   Filing Injunction

Defendants also seek a filing injunction to prevent Plaintiff (including successors and assigns), Fan and/or Lewis from bringing additional claims based on the patent-at-issue US 7,530,706 B2 ("Patent-at-issue"). Beyond the sanctioning powers provided by Fed. R. Civ. P. 37, federal courts have "the inherent power to impose sanctions for the bad-faith conduct" of a litigant. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). This inherent power is available in tandem with a court's Fed. R. Civ. P. 37 sanctioning authority. See *id* at 50 (explaining that courts are not "forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under [] statute or the [Federal Rules of Civil Procedure]").

When sanctioning a litigant's wholesale abuse of the judicial process, restricting that litigant's access to courts may be an appropriate measure. *See Eliahu v. Jewish Agency for Isr.*, 919

F.3d 709, 713-14 (2d Cir. 2019) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Accordingly, a filing injunction is an available measure to combat the "filing of repetitive and frivolous suits." *Shafii v. British Airways, Pub. Ltd. Co.*, 83 F.3d 566, 571 (2d Cir. 1996) (citing *In re Martin-Trigona*, 9 F.3d 226, 227-28 (2d Cir. 1993)). In evaluating whether to impose such a filing injunction, courts in this Circuit consider five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Iwachiw v. N.Y. State DMV*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, each of these factors weighs in favor of imposing a filing injunction against Plaintiff, Fan and Lewis.

A.  Plaintiff's History Of Bringing Vexatious, Harassing or Duplicative Lawsuits

About one month after Plaintiff filed this action in this Court, Mr. Hurckes helped Plaintiff filed the same lawsuit in the Middle District of Florida against another group of merchants selling on Amazon.com. The lawsuit in Florida is identical with this case except for the identity of defendants. Given Plaintiff's business practice of appointing counsel as Director and sole member of its Infringement Committee, which has the full authorization to commence any intellectual property infringement action on behalf of Plaintiff, it's conceivable that Plaintiff can

use this case as its playbook, find another attorney and pull this off again and again on many other merchants.

B.  Plaintiff's Motive In Pursuing The Litigation

Acting in his role as a Director of Plaintiff, Mr. Hurckes verified the truthfulness of the complaint in this action last December, even though during his deposition conducted on April 10th as noticed, Mr. Hurckes acknowledged (as well as asserting the attorney-client privilege with respect to the information) that he has no information on the volume of Plaintiff's sales or manufacturing of flashlights either when the complaint was filed, or before or after the TRO issued. Plaintiff's, Fan's and Lewis' abuse of the judicial process is flagrant.

From this failure, one can fairly infer that Plaintiff had no flashlight sales because it had no flashlights to sell. It was purely a patent troll and hence could suffer no irreparable harm. Moreover, it actually stood to gain from having Defendants continue selling since, if it were successful on its infringement claim, it could include in its damages the profits from those sales by Defendants. So in fact, Defendants' continued operations would actually have conferred a benefit, not a harm, on Plaintiff if Plaintiff were acting as a legitimate business in seeking the TRO. Plaintiff's conduct here makes it clear that Plaintiff's sole purpose in commencing this action and in commencing this action was to use them to coerce Defendants into paying Plaintiff a large settlement to go away. Plaintiff's disappearing act here is a stark affirmation of its motives and intent and of its gravely injurious conduct for which it can offer no plausible explanation or defense, and its disappearance acknowledges that reality.

C.  Plaintiff Was Represented By Counsel During Most of This Case.

Plaintiff was represented by counsel, Mr. Hurckes, until the Court granted Mr. Hurckes' motion to withdraw, in which Mr. Hurckes refers as justification for his withdrawal to Plaintiff's instructions to him that are unethical and perhaps even illegal. The Court instructed Mr. Hurckes to serve the Order granting his withdrawal on Plaintiff, and extended time to allow Plaintiff more time to find substitute counsel. More than one month has passed and Plaintiff has not retained new counsel to appear for it. The Court reminded Plaintiff that as a corporate entity, it is prohibited from appearing pro se. As to Fan and Lewis, "[w]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro se's, have an obligation to comply with court orders." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Here, Plaintiff's, Fan's and Lewis' persistent noncompliance was not due to any lack of sophistication or ignorance of their discovery obligations; rather, it was only due to Plaintiff's, Fan's and Lewis' willful disregard of the advice of their counsel (as evidenced by Mr. Hurckes' withdrawal), communications from Defendants' counsel, and the Court's orders. Under the circumstances, Plaintiff's pro se status does not bar the imposition of a filing injunction.

D.  Needless Expense

The legal expense incurred in connection with the April 10th, 2023 deposition was needless, as Plaintiff, Fan and Lewis neither attended nor offered any justification for their absence.

E.  Efficacy of Other Sanctions

Lightly capitalized single-purpose companies are ideal vehicles for trolling. In those circumstances especially, the attorney's role is vital to the judicial process since the attorney

11

needs to be a counselor for sure but also a guardian of the legal system to prevent its abuse. Here, Fan knew that if he found a lawyer to do his bidding, he could set up a shakedown scheme to attack business owners with personal impunity and little risk using a lightly funded corporation he could ditch if need be. In these circumstances, Defendants respectfully submit that ways need to be found to impose consequences on the human actors directly. In this situation, Fan as sole shareholder and Chairman of Plaintiff needs to feel those consequences personally. If not, he'll know that if he can find the "right" attorney, he can repeat the process all over again with another vulnerable group of business owners based on the same Patent-at-issue or yet another dubious patent.

### F. The Scope Of Filing Injunction

Where a district court concludes that a filing injunction is warranted, the Second Circuit has instructed that "such injunctions must be appropriately narrow." *Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996); *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986) (concluding that an injunction precluding the plaintiff "from instituting any action whatsoever" was "overly broad," such that it might "foreclose what might be a meritorious claim").

Here, Plaintiff could easily find another group of sellers on Amazon.com or other e-commerce platforms and file the same complaint (and perhaps using the same expert report) against them. So it's necessary for the Court to issue an injunction against the Plaintiff, Fan and Lewis' instituting any action whatsoever based on the Patent-at-issue.

## CONCLUSION

Plaintiff, Fan and Lewis orchestrated a deceptive scheme to abuse the judicial process to achieve their malevolent ends while making sure that the individual actors–the masterminds of this scheme–are shielded behind the corporate shell and the attorney-client privilege. However, the jurisprudence of Fed. R. Civ. P provides a sufficient toolbox under Rule 37 to deal with this kind of litigants' manipulative behavior, and the Court's inherent power is also available in these circumstances to sanction litigants' abuse of process and to protect the sanctity of the judicial process. As Plaintiff, Fan and Lewis keep playing their disappearing game, now has come the time for the Court to draw the line in the sand and re-assert the boundary of acceptable litigation tactics, thereby preventing further abuse of process by Plaintiff, Fan and Lewis and by deterring such conduct by other such litigants before this Court.

Dated: New York, NY
April 27, 2023

Respectfully submitted,

/s/ *Beixiao Liu*

Beixiao Robert Liu, Esq.