UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                 :
LEAD CREATION INC.,               :
                 :
               Plaintiff,  :
                 :      22-CV-10377 (JMF)
      -v-               :
                 :      OPINION AND ORDER
HANGZHOU YUEJI E-COMMERCE CO. LTD., et al., :
                 :
               Defendants. :
                 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Lead Creation Inc. ("Lead Creation") owns U.S. Patent No. 7530706 (the "'706 Patent"), which claims a particular flashlight design. *See* ECF No. 18 ("Am. Compl."), ¶ 1. Lead Creation sued five Defendants for allegedly infringing the '706 Patent. *Id.* It sought a temporary restraining order, which — after giving Defendants an opportunity to appear — the Court granted on January 26, 2023. *See* ECF No. 91 ("TRO"). On February 23, 2023, with Defendants still not appearing, the Court granted Lead Creation a preliminary injunction. *See* ECF No. 106 ("PI"). Four days later, two Defendants, Shenzhen Sen Zhi Run Dian Zi Shang Wu Co. Ltd. ("Shenzhen") and Haikoushi Lvxuan Trading Co., Ltd. ("Haikoushi" and, together, "Defendants"), appeared and filed a motion to vacate the TRO and the PI. *See* ECF Nos. 107, 113. Defendants argued that, among other things, the '706 Patent was invalid, citing the fact that four materially identical foreign patents — filed by the same owners — had been found invalid, three for obviousness. *See* ECF No. 113, at 8-13. Defendants also argued that Lead Creation had violated its duty of candor and good faith in dealing with the United States Patent and Trademark Office ("USPTO"). *See id.* at 14-15. Over Lead Creation's opposition, the Court vacated both the TRO and PI on these grounds, among others. ECF No. 121. Lead Creation

then voluntarily dismissed the case, and its counsel, Michael Hurckes, moved to withdraw. *See* ECF Nos. 127, 128, 135. Defendants opposed the voluntary dismissal, but the Court concluded that it was self-executing and that, as a result, there was nothing the Court could do to block it. ECF No. 137. The Court subsequently granted Mr. Hurckes's motion to withdraw as counsel. ECF No. 146. Defendants also sought post-dismissal discovery from Lead Creation and Mr. Hurckes, ECF No. 145, which the Court granted, ECF Nos. 148, 152.

Now pending are three motions brought by Defendants: a motion to recover on the TRO bond, ECF No. 115, a motion seeking attorneys' fees from both Lead Creation and Mr. Hurckes, ECF No. 134, and a motion for sanctions again Lead Creation and its owner, ECF No. 173. Lead Creation did not oppose any of the motions; Mr. Hurckes opposed the one motion filed against him, for attorneys' fees. ECF No. 161. For the reasons that follow, the motion to recover on the TRO bond is GRANTED, the motion for attorneys' fees is DENIED, and the motion for sanctions is GRANTED in part and DENIED in part.

## DISCUSSION

The Court will address each motion in turn, beginning with the motion for sanctions.

**A. Motion for Sanctions**

First, Defendants move, pursuant to Rule 37(b)(2) and 37(d)(3) of the Federal Rules of Civil Procedure, as well as the Court's inherent authority, for sanctions against Lead Creation and its owner and officer, Xiaodong Fan a/k/a Justin Lewis. ECF No. 173.[1] The motion is based on Lead Creation's and Mr. Fan's undisputed failure to produce documents or appear for depositions in violation of this Court's Order authorizing post-dismissal discovery. ECF No. 174

---

[1] According to Defendants, Justin Lewis is the "alter ego" of Xiaodong Fan. Defs.' Sanctions Mem. 2. The Court has no reason to doubt that representation.

("Defs.' Sanctions Mem."), at 1; *see also* ECF No. 148 (granting Defendants' motion to compel discovery). Defendants seek attorneys' fees as well as nonmonetary relief, namely an order deeming certain facts to be established and a filing injunction. Defs.' Sanctions Mem. 8-12.

Defendants' first request — for monetary sanctions — is easily resolved. Rule 37 provides that, where a party violates a discovery order, a court "*must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Thus, there are only two "predicates to the imposition of sanctions under Rule 37(b)": (1) "a court order directing compliance with discovery requests" and (2) "non-compliance with that order." *Karsch v. Blink Health Ltd.*, No. 17-CV-3880 (VM) (BCM), 2019 WL 2708125, at *14 (S.D.N.Y. June 20, 2019) (internal quotation marks omitted). Here, both predicates are satisfied. The Court expressly ordered Lead Creation and its corporate officer to produce the documents Defendants sought and to appear for remote depositions. ECF No. 148. The Order was served on Lead Creation and its corporate officer. ECF No. 175, ¶¶ 4-6, 8; ECF Nos. 153-55. Yet neither Mr. Fan nor anyone else purporting to represent Lead Creation complied with the document requests or appeared for depositions. ECF No. 175, ¶¶ 7, 9-11. Thus, Lead Creation and its corporate officer indisputably failed to comply with the Court's Order. It follows that Defendants are entitled to the reasonable attorneys' fees they incurred in connection with Lead Creation's failure to comply with the Court's Order. Defendants seek $3,837.50 in attorneys' fees and costs. Defs.' Sanctions Mem. 8. While that amount seems reasonable in the abstract, Defendants do not provide contemporaneous billing records or invoices to support it. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (holding that applications

3

for court-ordered attorneys' fees require documentation with contemporaneous time records). Accordingly, the Court grants Defendants attorneys' fees but reserves judgment on the amount of those fees pending submission of documentary support.

Next, Defendants seek an order "directing that the matters embraced in the Order be taken as established for purposes of the action" and prohibiting Lead Creation from opposing those "matters." Defs.' Sanctions Mem. 7. In particular, Defendants seek an order deeming the following facts established: "that Plaintiff had no sales or manufacturing of flashlights either before or after the TRO in this action was issued and that the patentees and assignors of the patent-in-issue to Plaintiff acted intentionally in failing to make the required patent maintenance payment to the USPTO." *Id.* At first glance, this request might appear odd because "the action" has been dismissed. But the Court concludes that it is appropriate notwithstanding the dismissal. Defendants sought discovery in no small part in aid of their motion to recover on the TRO bond. As discussed below, to prevail on that motion, Defendants must demonstrate that they were wrongfully restrained. As the discussion below makes plain, "the matters embraced in the Order" are relevant to that analysis. Thus, deeming these matters established remedies the prejudice to Defendants arising from the discovery violations and ensures that Lead Creation and its corporate officer do not benefit from their misconduct. *See, e.g.*, *Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05-CIV-4837 (HB), 2006 WL 1409413, at *3 (S.D.N.Y. May 23, 2006) (noting that, where a party fails to produce discovery, "a district court has broad discretion to fashion appropriate sanctions on a case-by-case basis" and should seek both to "plac[e] the risk of an erroneous judgment on the party who wrongfully created the risk" and "restor[e] the prejudiced party to the position it would have been in had the misconduct not occurred"). Accordingly, the "matters" referenced above are deemed established for purposes of this action.

By contrast, Defendants' final request — for a filing injunction to prevent Lead Creation, and its successors or assigns, from bringing claims based on the '706 Patent — is denied. Defs.' Sanctions Mem. 8-12. It is well established that the Court has inherent authority to impose sanctions "to deter abuse of the judicial process," *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020), which may include limiting a litigant's access to the judicial system, *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713-14 (2d Cir. 2019). In evaluating whether a filing injunction is warranted, the Court is to consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 714 (citation omitted). "Ultimately," the Second Circuit has observed, "the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986); *accord Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam); *Ranasinghe v. Kennell*, No. 16-CV-2170 (JMF), 2017 WL 384357, at *5 (S.D.N.Y. Jan. 25, 2017).

Weighing the foregoing factors, the Court concludes that a filing injunction is not warranted. To be sure, this is not the first time that Lead Creation, aided by Mr. Hurckes, has filed a lawsuit only to dismiss the lawsuit after the defendants appeared following entry of emergency injunctive relief. *See Lead Creation, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 8:23-CV-49 (CEH) (CPT) (M.D. Fla.) (filed Jan. 6, 2023); *see* Defs.' Sanctions Mem. 9. And there too, Mr. Hurckes withdrew as counsel when the case went up in smoke. *See* No. 8:23-CV-49, ECF No. 46. But these two cases, without more, do not

5

establish a "pattern" of harassing or vexatious litigation sufficient to justify a filing injunction. *Cf. Iwachiw*, 396 F.3d at 528-29 (describing the plaintiff's more than fifteen prior actions in affirming a filing injunction). Moreover, the dubious validity of the '706 Patent aside, the USPTO *did* issue the patent, which provides at least some legal and factual basis for Lead Creation's suit. *See Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (noting that a claim has no colorable basis if it "lacks any legal or factual basis" (internal quotation marks omitted)). Finally, it may be that the sanctions granted above are adequate to protect the courts and other parties. If not, a filing injunction might well be appropriate. But it isn't yet.

**B. Motion to Recover on the TRO Bond**

Next, the Court turns to Defendants' motion to recover on the TRO bond. Rule 65(c) of the Federal Rules of Civil Procedure "allows for recovery on posted security where the party has 'been wrongfully enjoined or restrained.'" *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 137 (2d Cir. 2014) (quoting Fed. R. Civ. P. 65(c)); *see also Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557-58 (2d Cir. 2011) (explaining the purpose behind Rule 65(c)'s security requirement). "A party has been 'wrongfully enjoined' under [Rule] 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990); *see also Guzman v. Loc. 32B-32J, Serv. Emps. Int'l Union*, 72 F.3d 260, 263 (2d Cir. 1995) (holding that a party has been wrongfully enjoined if it was "ordered to do something it had a right to refrain from doing or to cease doing something it had a right to continue doing"). Significantly, "whether a party has 'been wrongfully enjoined or restrained' is not always coextensive with a final adjudication on the merits." *U.S. D.I.D. Corp.*, 775 F.3d at 137. As

6

relevant here, voluntary dismissal does not, by itself, entitle the defendant to such recovery; nor does the dissolution of a TRO or PI. *Id.* at 140. Instead, whether a defendant is entitled to recover "turns on a determination that the defendant was wrongfully restrained." *Id.* at 136.

In light of these standards, Defendants' motion to recover on the TRO bond must be and is granted. To obtain a preliminary injunction in a patent infringement case, the plaintiff "bears the burden of establishing a likelihood of success on the merits with respect to the patent's validity." *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1398-99 (Fed. Cir. 2022). "If the alleged infringer raises a 'substantial question' of invalidity, [then] the preliminary injunction should not issue." *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005-06 (Fed. Cir. 2009). Indeed, if the alleged infringer presents an invalidity defense, then the burden shifts to the plaintiff to prove that the defense "lacks substantial merit." *BlephEx, LLC*, 24 F.4th at 1399. Here, the Court has already determined that Defendants raised substantial questions with respect to the invalidity of the '706 Patent. *See* ECF No. 121, at 2-3. As the Court explained, such questions arose not only from the fact that four foreign courts had invalidated nearly identical patents, three for obviousness, but also from evidence that Lead Creation had violated its duty of candor and good faith in dealing with the USPTO. *See id.* at 2-3 & n.2; *see also* ECF No. 113, at 17-20. And Lead Creation has certainly not proved that Defendants' invalidity defense lacks substantial merit. Nor could it now, as the Court has deemed it to be established "that the patentees and assignors of the patent-in-issue to Plaintiff acted intentionally in failing to make the required patent maintenance payment to the USPTO." Defs.' Sanctions Mem. 7.[2] Thus, Defendants were wrongfully enjoined.

---

[2] The Court has also deemed established "that Plaintiff had no sales or manufacturing of flashlights either before or after the TRO in this action was issued," *id.*, which undermines any claim that Lead Creation would have been irreparably harmed in the absence of injunctive relief,

7

In light of that conclusion, Defendants are "entitled to a presumption in favor of recovery against a bond posted pursuant to Rule 65(c)." *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 556-57 (2d Cir. 2011). "The presumption applies to provable damages." *Id.* at 559 (internal quotation marks omitted). Defendants have proved that they sustained damages "proximately caused by the imposition of the [temporary restraining order and] preliminary injunction" that, in total, exceed the size of the TRO bond. *Nokia Corp. v. InterDigital, Inc.*, 477 F. App'x 815, 816 (2d Cir. 2012) (summary order). Specifically, they have submitted a declaration and sales records to substantiate that their lost profits while the TRO and PI were in place, from January 26, 2023, until March 8, 2023, likely exceeded the $15,000 TRO bond by a considerable margin. *See* ECF No. 119. Accordingly, Defendants' motion to recover the TRO bond in its entirety is granted.

**C. Motion for Attorneys' Fees**

Defendants' final motion, for attorneys' fees from Lead Creation and its counsel, can be swiftly rejected. In "exceptional" patent infringement cases, the Court "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548 (2014) (listing the requirements for awarding attorneys' fees under Section 285). To qualify as "prevailing," however, a party must "not only . . . achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." *Manhattan Rev. LLC v. Yun*, 919 F.3d 149, 152-53 (2d Cir. 2019) (cleaned up); *see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). Those requirements are not met here because Lead Creation voluntarily

---

*see* ECF No. 121, at 3 ("[T]he lack of any evidence that Plaintiff manufactures or sells the flashlights at issue undermines any finding of irreparable harm . . . .").

8

dismissed its case without prejudice. *See, e.g.*, *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007); *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, No. 13-CV-7574 (KPF), 2015 WL 321877, at *4 (S.D.N.Y. Jan. 26, 2015). "[S]uch an act is not 'judicially sanctioned' since no court action is required." *Magder v. Lee*, No. 14-CV-8461 (JFK), 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015). Nor does it "constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." *RFR Indus., Inc.*, 477 F.3d at 1353; *see also O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020) (affirming the district court's conclusion that the defendant in a patent infringement case was not the prevailing party where the plaintiff voluntarily dismissed the case without prejudice after a decision by the U.S. Patent Office that the patent-in-suit was invalid).[3] Accordingly, as tempting as it is to award Defendants attorneys' fees given the egregious conduct of Lead Creation and its counsel — including but not limited to the apparent lack of any

---

[3]     Notably, Defendants do not cite a single case in support of their argument that they should be treated as prevailing parties. ECF No. 136, at 4. The Court did find one case, under the Lanham Act, in which a district court deemed defendants in a similar position to Defendants here to be a prevailing party. *See Smart Study Co. v. B+Baby Store*, 540 F. Supp. 3d 428, 432 (S.D.N.Y. 2021); *see also Manhattan Rev.*, 919 F.3d at 152 ("'Prevailing party' carries a consistent definition across the federal fee-shifting statutes."). But the Court declines to follow it. First, the district court's discussion is dictum, as it went on to deny the defendant's application for fees on the ground that the case was not "exceptional." *Smart Study Co.*, 540 F. Supp. 3d at 432-33. Second, the court provided little analysis, and no citation, to support its deviation from applicable Supreme Court, Second Circuit, and Federal Circuit precedent, except to invoke a law review article criticizing the *Buckhannon* standard on the ground that it "disproportionally favors plaintiffs." *See id.* at 432 (citing Nathan Nash, Solange Hilfinger-Pardo & James Mandilk, *The Tarnished Golden Rule: The Corrosive Effect of Federal Prevailing-Party Standards on State Reciprocal-Fee Statutes*, 127 Yale L.J. 1068, 1091 (2018)). Finally, the Court is unpersuaded by the *Smart Study* court's conclusion that where, as here, a defendant is awarded damages under Rule 65, it qualifies as a prevailing party. *See id.* The Court's decision that Defendants were wrongfully enjoined does not constitute a change in the legal relationship between the parties as it is not a ruling on the merits.

pre-suit investigation regarding the validify of the '706 Patent — the Court is compelled to, and does, deny Defendants' motion for attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court rules as follows on Defendants' pending motions:

- Defendants' motion for sanctions is GRANTED to the extent they seek attorneys' fees and an order deeming certain matters established for purposes of this action but DENIED to the extent they seek a filing injunction;

- Defendants' motion to recover on the TRO bond is GRANTED; and

- Defendants' motion for attorneys' fees under 35 U.S.C. § 285 is DENIED.

**No later than two weeks from the date of this Opinion and Order**, Defendants shall submit (1) a proposed order directing the Clerk of Court to release to them the TRO bond; and (2) an accounting of their relevant attorneys' fees and costs, supported by contemporaneous billing records and other appropriate documentation.  Lead Creation shall file any response, *through counsel*, **no later than one week thereafter**.  No reply may be filed absent leave of Court.

The Clerk of Court is directed to terminate ECF Nos. 115, 134, and 173.

SO ORDERED.

Dated: October 11, 2023
New York, New York

JESSE M. FURMAN
United States District Judge

10